Stebbins v. Peeler & trustee.

---

ELIJAH STEBBINS v. BENJAMIN PEELER, KEITH WHITE, *trustee.*

*Exemption from attachment.   Trustee process.*

Money due to a debtor as damages for the attachment and detention of his property which was exempt from attachment, and money collected by an officer upon an execution issued upon a judgment recovered for such a trespass, cannot be attached and holden by the trustee process.

TRUSTEE PROCESS. In June, 1851, the plaintiff sued the defendant and caused to be attached certain property which the defendant claimed was exempt from attachment, and for the taking and detention of which he brought a suit against the plaintiff and one Kemper who was the plaintiff's attaching officer. In this

20

last mentioned suit the defendant, in September, 1854, recovered a judgment against the plaintiff and Kemper for sixty dollars and ninety-five cents damages, and one hundred and sixteen dollars and forty cents costs, and this judgment was recovered for the value of the property attached and detained, on the ground that it was such property as was by law exempt from attachment. Execution upon this judgment was issued and placed in the hands of the trustee for collection, and he collected and paid over to the defendant's agent eighty-seven dollars and fifty-one cents, and afterwards on the 16th of October, 1851, he collected of the plaintiff the balance due on the execution, amounting to ninety dollars and sixty-one cents, and was immediately, and while the money was in his hands, summouned as a trustee in the present suit.

Upon the above facts the county court, April Term, 1856, — UNDERWOOD, J., presiding, — decided that the trustee was not chargeable, to which decision the plaintiff excepted.

*E. Kirkland*, for the plaintiff.

The money collected by the trustee as an officer became, as soon as received, a debt due from him to Peeler; *Hurlburt* v. *Hicks et al. and tr.*, 17 Vt. 184; *Dale* v. *Birch et al.*, 3 Camp. 346.

The exemption of property from attachment and levy on execution is limited to the specific chattels, and does not extend to debts due for them, or the money received on the sale of them; *Edson* v. *Trask and tr.*, 22 Vt. 18; *Scott* v. *Brigham and tr.*, 27 Vt. 561.

*Bradley & Kellogg*, for the defendant.

*The object* of the legislature in exempting certain articles from attachment was to prevent the involuntary surrender of the articles specified for the payment of debts.

The statute is to be liberally expounded in favor of humanity; *Leavitt* v. *Metcalf*, 2 Vt. 343. It would be *illiberal* to say that the only " *exemption* " pertaining to our " *apparel*," if attached while we sleep, is to have it applied to our debts by trustee process after we sue and recover for it.

It does not help the plaintiff's case, that a *sale* of the exempted

article is decided to remove the exemption. In that case the owner puts himself out of the purview of the statute; he *voluntarily* exchanges the protected thing for one *not* protected.

The opinion of the court was delivered by

REDFIELD, CH. J. It is fully decided in *Hurlburt* v. *Hicks and Trustee*, 17 Vt. 193, that a sheriff or deputy sheriff, having collected money for a creditor on execution, is liable as trustee of the creditor, whether the money has been demanded or not. This is the general rule of liability upon the subject.

In the present case an exemption is claimed on the ground that the money in the trustee's hands was collected on a judgment, against this very plaintiff, for taking on execution property of the principal defendant exempt from attachment and levy.

It has been held in this state, that if the debtor sell property exempt from attachment, the debt is liable to attachment by trustee process. That has been sometimes thought to have impaired the proper extent of these statutory exemptions. But as the sale was voluntary of course, it does not infringe, necessarily, the beneficial operation of the exemptions.

But if one's creditors can attach this property and sell it on execution, and when judgment is recovered for the wrong, and the money collected, it can be held on trustee process, the exemption becomes of no practical avail to the debtor. By means of two actions the property is effectually applied on execution in the payment of debts. To allow such an evasion of the benefical effects of the statute, would be a reproach to the law.

In other instances the courts of the state have held the avails of this property exempt from attachment, the same as the property itself. As for instance in the case of the butter made from the last cow. And we think that where this property is converted into a mere right of action by a proceeding wholly *in invitum*, that such right of action and the money collected are also exempt from attachment, the same as the property itself.

Judgment affirmed.