Crawford *v.* Carroll.

## CRAWFORD *v.* CARROLL.

### (*Knoxville.* October 16, 1894.)

EXEMPTIONS FROM DEBT. *Judgment for value of exempt property is exempt.*

A judgment, obtained by the owner of exempt property against a tort-feasor for its wrongful conversion or destruction, is exempt from the owner's debts in like manner as the property itself had been.

Code construed: § 2931 (M. & V.); § 2108*a* (T. & S.).

Cases cited and approved: Duff *v.* Wells, 7 Heis., 17; Hall *v.* Fulghum, 86 Tenn., 451; White *v.* Fulghum, 87 Tenn., 281.

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox County. S. T. LOGAN, J.

T. L. CARTY for Crawford.

TEMPLETON & CATES for Carroll.

BEARD, J. The defendant in error, one Carroll, is the head of a family, and lives in Knox County. He owned but two horses, one of which was negligently killed by the railroad. He instituted suit and recovered a judgment against the road for the value of this horse; and this judgment a garnishing creditor sought, by proper process, to subject

to the satisfaction of his debt. This claim was resisted by the owner of the judgment, on the ground that it stood in the room and stead of the horse so killed, and, as the latter was exempt property, the judgment was equally protected by § 2931 of the (M. & V.) Code. The Circuit Judge found, as matter of fact, that the horse in question was exempt, and that the recovery made was for its value, and, as a matter of law, that this recovery was equally exempt with the property itself, and he therefore discharged the garnishment. The garnishing creditor has appealed, and assigns as error this conclusion of law of the Court below.

Was the Circuit Judge right in holding that the unsatisfied judgment for the value of this exempted property, of which its owner has been involuntarily deprived by a tort-feasor, stood in the place of the property itself, equally entitled to the protection of the exemption law?

This question has already been practically settled by this Court. In the case of *Duff* v. *Wells*, 7 Heis., 17, it was considered, and, notwithstanding the obscurity of the opinion, growing out of the meagerness of the statement of facts by the reporter, it is sufficiently explicit to show that there was an effort to set off a judgment for a debt against another judgment in the same Court for the wrongful taking of exempt property, and it was held that this right of set-off could not be exercised so as to defeat the operation of the exemption laws. It is true, the conclusion of the

Crawford *v.* Carroll.

Court was rested, to some extent, upon another consideration than the one now in hand, yet it is apparent that the Court was equally controlled by the fact that an application of the doctrine of set-off in that case would " defeat the policy of the law exempting, for the benefit of families, property from execution." This recognition of the policy of the exemption law, and its invocation by the Court, necessarily involved an admission that the judgment for the tortious conversion of exempted property, equally with the property so converted, was under the protection of the statute in question.

The same question was presented to this Court in the case of *Hall* v. *Fulghum*, 2 Pickle, 282, and more distinctly in the later case of *White* v. *Fulghum*, 3 Pickle, 281. It is true those cases involved homestead exemption rights, but the same policy which has provided a homestead for the poor man, exempt from the reach of his creditors, has dictated the various acts of the Legislature providing equal exemption for him in his holding of various articles of personal property, and there can be suggested no sound reason why the rule adopted in one class of cases should not be enforced in the other.

In *White* v. *Fulghum, supra,* a mortgage was foreclosed in the Chancery Court, at the instance of the mortgagee. In this mortgage, the mortgageor and his wife had waived their homestead right. At the sale, under the foreclosure decree,

the property realized a sum in excess of the mortgage debt. Judgment creditors of the mortgageor filed their bill to reach this excess, among other grounds on this, that the foreclosure proceedings extinguished the mortgageor's right of homestead, and left the surplus of the fund subject to the debt of the complainant, as non-exempt property. The Court, in its opinion, while conceding that the proceedings in question had extinguished the homestead right in the land itself, adds that "it by no means follows that it extinguished his right of homestead in the proceeds of the land. The mere fact that the land has been converted into money, and that money, as such, cannot be enjoyed as a homestead, does not destroy the right of homestead after it has once attached to the land. The fund realized from the sale of the land represents the land itself, and is subject to the same laws and rights. It stands in the place of the land, and those having an interest in the latter have the same interest in the former."

These cases are decisive of the question at bar. To hold that this involuntary conversion of exempt property into a judgment against the tort-feasor for its value, destroyed the quality of immunity from creditors of its owner that inhered by the statute of exemption in the property itself, would be to stick in the bark, and violate the spirit and policy of a wise and beneficent statute.

While unnecessary, it may be proper to add that the rule adopted by this Court has met

Crawford *v.* .Carroll.

the approval of other Courts, and is embodied in the text of Freeman on Executions, Vol. I., Sec. 235.

Judgment of the Court below is affirmed. The costs of this Court will be paid by plaintiff in error and his surety, and of the garnishment proceedings in the lower Court by the garnishing creditor.