## DRAFFIN v. SMITH.

### Opinion delivered October 17, 1896.

EXEMPTION—JUDGMENT.—A judgment for damages against the plaintiffs in an attachment suit is "personal property," within Const. 1874, art. 9, sec. 2, and may be claimed as exempt from execution by the defendant; and when so claimed by him, such judgment cannot be set off against a judgment subsequently rendered in plaintiff's favor against defendant.

Appeal from Cross Circuit Court.

FELIX G. TAYLOR, Judge.

#### STATEMENT BY THE COURT.

This case was tried upon the following state of facts: The plaintiffs, Smith, Graham & Jones brought suit on a promissory note for the sum of $232.50, which was not due, and sued out a writ of attachment, which was levied on the property of the defendant. On the calling of the cause for trial in the Cross circuit court, at the spring term, 1894, the note then being past due, and the defendant refusing to confess judgment on the note, the plaintiffs took a voluntary non-suit, and, upon motion of the defendant, a jury was impaneled to assess the damages which defendant had sustained by reason of the attachment.

Damages were assessed as follows :

Value of defendant's corn attached converted to
    plaintiff's use ...........................$ 75 00
Value of use of live stock attached ............  45 00
Damages to live stock......................  15 00·
        Total...............................$135 00

And judgment was so entered against the plaintiffs.
After the rendition of the above judgment, and at the
same term of the court, the plaintiffs brought a suit
in equity, and obtained a temporary injunction, enjoin-
ing the defendant from the collection of his judgment
for damages.

After plaintiffs had obtained judgment on their note
for the sum of $232.50 at the following (fall) term, 1894,
they moved the court to set off the judgment for $135.00
damages in favor of defendant against plaintiffs on their
judgment for the sum of $232.50 obtained on their note
against defendant. Whereupon the defendant filed his
schedule of all his property, and his claim of the same
as exempt from the process of the court for the collec-
tion of debt by contract, and included his judgment for
$135.00 damages as a part of his property, and claimed
the same as exempt. The defendant was a resident of
the state, a married man, and the head of a family, and
he did not own property, real and personal, including
moneys, rights, credits, and choses in action, including
the judgment claimed as exempt, of the value of
$500.00. Said schedule was in due form, and set forth
all facts necessary to entitle him to hold his exemptions
of $500.00, and was properly verified by affidavit. But
his right to hold his said judgment as exempt was
denied by said plaintiffs, plaintiffs expressly waiving
notice of filing schedule and claim in exemption.

The court refused to allow the defendant to hold
his judgment for damages as exempt, and ordered the

judgment to be set off against the plaintiff's judgment on the note. Exception was duly saved; motion for new trial overruled, and defendant appeals.

*O. N. Killough* for appellant.

1. The motion to set off should have been denied. 47 Ark. 468; 74 N. C. 51; Thompson on Homstead & Exemptions, 892-4.

2. Appellant was entitled to claim his judgment as exempt. Const. Art. 9, sec. 2; Thompson, Homestead & Exemptions, secs. 892-4; 93 Am. Dec. 5, 78; 31 Ark. 657.

3. The cases in 55 Ark. 622 and 34 *id.* 707, are not applicable. In these cases no claim of exemption was interposed.

*N. W. Norton* for appellee.

1. A judgment for one party may be withheld until the other party, by due diligence, may obtain his judgment, so that one may be set off against the other. Sand. & H. Dig. sec. 5862; 22 Am. & Eng. Enc. Law, p. 445.

2. The cases of 55 Ark. 622 and 34 Ark. 707-19 would seem to be conclusive of this case. See 17 L. R. A. 466, and cases cited.

HUGHES, J., (after stating the facts.) Section two of article nine of the constitution provides that: "The personal property of any resident of this state, who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars, in addition to his or her wearing apparel, and that of his or her family, shall be exempt from seizure on attachment, or sale on execution or other process from any court, on debt by contract." Exemption statutes, being intended to prevent families from being deprived of the means of procuring the necessaries

of life, are entitled to be construed liberally, with a view to effect the benign purposes in their enactment.

If the plaintiffs (the appellees) had sought to enforce their judgment against the property of the defendant by a *fi. fa.* execution, the defendant would have been entitled to claim $500 in value of his personal property exempt from execution, including in his claim his judgment against the plaintiffs for the value of property wrongfully taken from him by the plaintiff.

If the property was exempt, the compensation for its loss, which represented the property, was also exempt. *Atkinson* v. *Pittman*, 47 Ark. 464; *Curlee* v. *Thomas*, 74 N. C. 51.

The appellant's judgment, being a chose in action, was personal property, and, though no execution was issued, an effort was made to have it subjected to his debts; and if, including this judgment, his personal property was of the value of not more than $500, and he was a married man, or the head of a family, and a resident of the state, he is entitled to claim it as exempt from execution, from seizure on attachment or other process from any court, on debt by contract.

There was error in the judgment of the court in refusing to allow appellant to claim his judgment as exempt, and ordering it set off against the judgment of the appellees, for which the judgment is reversed, and the cause is remanded, with directions to deny plaintiff's motion to set off and allow defendant the exemption claimed.