WRIGHT *v.* BROOKS.

(*Nashville.* January 7, 1899.)

EXEMPTION. *Of insurance on exempt property.*

The proceeds arising from a loss under a policy of insurance upon homestead and exempt household goods are exempt to the owner, and not subject to execution or garnishment for his debts.

Cases cited: White *v.* Fulghum, 87 Tenn., 282; Hall *v.* Fulghum, 86 Tenn., 451; Duff *v.* Wells, 7 Heis., 17; Quarles *v.* Clayton, 87 Tenn., 308.

FROM TROUSDALE.

Appeal from Chancery Court of Trousdale County. J. S. GRIBBLE, Ch.

J. H. McMURRAY for Wright.

J. J. TURNER for Brooks.

McALISTER, J. The only question presented for determination upon this record is whether the proceeds of an insurance policy upon exempt property may be subjected to the payment of the debts of the insured.

Complainant, Wright, recovered judgments before a Justice of the Peace against the defendant, C. G.

Brooks, for the sums of $220 and $19.22, respectively. The present bill was filed as a garnishment bill to subject to the payment of these judgments a draft for $540, drawn by the Scottish Union National Insurance Company in favor of the defendant, C. G. Brooks. The defendant, Brooks, resists the right of the complainant to subject this draft, upon the ground that he is the head of a family, and that $320 of this insurance was on defendant's homestead, and the remainder, excepting $10, was on his exempt personal property. It is shown, and the Court of Chancery Appeals so finds, that all these items of property were covered by the policy and were destroyed by fire. The precise question here presented has never been adjudged in this State, yet our decisions furnish rulings on analogous principles. In *Crawford* v. *Carroll*, 93 Tenn., 661, it appeared that one Carroll, the head of a family, owned but two horses, one of which was negligently killed by a railroad company. He recovered a judgment against the company for the value of the horse, and this judgment a garnisheeing creditor sought to subject to the satisfaction of his debt. This Court held that the judgment represented exempt property, and was entitled to the same immunity from attachment and execution.

Again, in *White* v. *Fulghum*, 87 Tenn., 282, it appeared that a mortgage was foreclosed in the Chancery Court, at the instance of the mortgagee. In this mortgage the mortgagor and his wife had waived

their homestead right.    At the sale under the fore-
closure decree the property realized a sum in excess
of the mortgage debt. ' Judgment creditors 'of the
mortgagor filed their bill to reach this excess, claim-
ing that .the foreclosure proceedings extinguished the
mortgagor's right of homestead and left the surplus
of the fund subject to the debt of complainants
as nonexempt property.    This Court held that the
mortgagor, if originally entitled to homestead in the
land, was likewise entitled to homestead in the sur-
plus proceeds realized from' a sale of the land.    The
Court held that the fund realized from the sale of
the land represents the land itself, and that those
having an interest in the land have the same inter-
est in the proceeds of sale.      See, also, *Duff* v.
*Wells*, 7 Heis., 17; *Hall* v. *Fulghum*, 86 Tenn.,
451; *Quarles* v. *Clayton*, 87 Tenn., 308, 316.

The direct question now being adjudged has been
frequently decided in other States, and it is almost
uniformly held that the insurance money arising
from exempt property is also exempt.    Says Mr.
Waples, in his work on Homestead and Exemption,
p. 837: '' Is the exemption of personal property to
be understood as applicable to money paid for insur-
ance after the property has been lost by fire?    Take
this statute: ' If the debtor is a resident of this
State, and is the head of a family, he may hold
exempt from execution  .   .   .   books, instruments,
.   .   .   .' A physician's library and instruments
were exempt under this Act, and they were con-

sumed by fire. He was a resident and married. Was the insurance money exempt? The Court before which this question came answered affirmatively. It admitted that 'there is no provision as to the exemption or liability of the proceeds or avails of such property when disposed of by sale or otherwise. There is none when such property is burnt.' The Court mentioned no ambiguity in the statute, to be interpreted either liberally or strictly, but said that the statute must be interpreted liberally, because the purpose is to secure to the debtor the books, instruments, etc., necessary to making his livelihood; to secure food, raiment, and shelter to dependent families; hence the Court concludes that, 'if exempt articles be insured and then lost, the indemnity secured by insurance stands in the place of the books.' *Reynolds* v. *Haynes* (Iowa), 49 N. W. R., 851; *Kaiser* v. *Slaton*, 62 Iowa, 463; *Mudge* v. *Lanning*, 68 Iowa, 641; *Evans* v. *Harvester Works*, 63 Iowa, 204; 67 Iowa, 646; *Leavitt* v. *Metcalfe*, 2 Vt., 256; *Milliken* v. *Winter*, 2 Dur., 256; *Tillotson* v. *Walcott*, 48 N. Y., 188."

Mr. Thompson on Homestead and Exemptions says as follows: "Another illustration of this rule is found in the case where a debtor's house, being his family homestead, burns down, the insurance money is not liable to garnishment. For the same reason, a judgment debtor, being a householder and having a family for which he provides, cannot be compelled to execute to a receiver an assignment of a policy

of insurance for $200 upon his household furniture after a loss has occurred.''

In *Whitesell* v. *Jones*, 39 S. W. R., 405, it was said by the Court of Civil Appeals of Texas: "It is the settled law in this State that money due on an insurance policy on a homestead is not subject to garnishment," citing *Cameron* v. *Fay*, 55 Tex., 58; *Chase* v. *Swain*, 88 Tex., 208; 30 S. W. R., 1049.

We cordially assent to these rulings. "The protection of homes, the security of shelter for widows and orphans, would be greatly imperiled if the money standing in lieu of a family home destroyed by fire could not go to the rebuilding of it for their benefit. The spirit of homestead legislation favors the saving of such money for them, rather than the passing of it to the creditors who had no claim on the exempt property." Waples on Homestead Exemptions, 610.

Affirmed.