###### IN THE

# SUPREME COURT OF TENNESSEE

###### FOR THE

## EASTERN DIVISION.

## KNOXVILLE. SEPTEMBER TERM, 1907.

### J. C. ROGERS *v.* MILLARD AYERS.

### (*Knoxville.* September Term, 1907.)

1. **EXEMPTION FROM DEBT.** Removal of property from State operates as selection of it as exempt, when.

   A debtor's removal of his property from this State to another State for the purpose of avoiding the payment of a debt and his failure to turn it over under an execution in place of the property levied on within this State operates as a selection of the removed property as his exempt property.

   Cases cited and approved: Robinson v. Myers, 3 Dana (Ky.), 441, 442; Loan & Trust Co. v. Crabb, 45 Fla., 306.

2. **SAME.** Right to select property levied on as exempt by substituting other property, when.

   When property levied on belongs to a class in which there is a certain number exempt from levy for debt, the owner is entitled to select his exempt property from the property levied on, by substituting other property of the same kind owned by him. (*Post, p.* 346.)

   Case cited and approved: Pyett v. Rhea, 6 Heisk., 137.

Rogers v. Ayers.

3. **WRITTEN FINDINGS OF FACT.** Additional findings requested after circuit judge makes written findings under request.

Where the circuit judge trying a case without a jury makes a written finding of facts under a request therefor, a party may, after such finding is made, properly request certain additional findings to be made. (*Post, pp.* 342, 343, 345, 348.)

Case cited and approved: Hinton v. Insurance Co., 110 Tenn., 113.

4. **SAME.** Same. Evidence reviewed by supreme court where request for additional findings is made and refused.

Where proper requests for additional written findings of fact are made after a written finding of facts is made, under request therefor, by the circuit judge trying a case without a jury, and improperly refused, the supreme court may review the evidence at large, when other material facts are found in the record not included in the findings made. (*Post, p.* 348.)

Case cited and approved: Hinton v. Insurance Co., 110 Tenn., 129.

FROM CAMPBELL.

Appeal in error from the Circuit Court of Campbell County to the Court of Civil Appeals, and Certiorari from Court of Civil Appeals.—G. Mc. HENDERSON, Circuit Judge.

ROGERS & ROGERS and H. K. TRAMMELL, for Rogers.

PICKLE, TURNER & KENNEDY, and JOHN JENNINGS, JR., for Ayers.

MR. JUSTICE NEIL delivered the opinion of the Court.

This was an action of replevin, brought originally before a justice of the peace of Campbell county, for a horse and mule, which had been taken by defendant in error from the plaintiff in error, under an execution in favor of one L. P. Smith.

From the judgment of the justice of the peace an appeal was prayed to the circuit court of the county, and there the case was tried by the court without the intervention of a jury.

At the request of the defendant in error the court below made a written finding of facts substantially as follows:

That the horse and mule replevied were found by the levying officer and levied on in Jellico, Tennessee, and were the only horse stock of any kind that plaintiff in error had within the State; that plaintiff in error was not present when the levy was made, but on his return, when he learned that a levy had been made, he claimed the animals as exempt and demanded their restoration; that plaintiff in error was a resident and citizen of Jellico, Tennessee, and was the head of a family; that in addition to the animals levied on he owned two small mules, known as "bank mules," such as are used in coal mines, but these mules were in Kentucky at the time the levy was made upon the other animals, and had been almost continuously at work in plaintiff in error's coal mine in that State; that these bank mules were kept at work in the Kentucky mine, and, when not actually at

work, were kept in a stable or barn at the mine, and were never kept in Tennessee, or used for hauling or other work in Tennessee; that these bank mules were still in Kentucky when the plaintiff in error demanded the return of the animals levied on; that plaintiff in error was accustomed to use the animals levied on in hauling coal and other articles in the city of Jellico.

On these facts the circuit judge rendered a judgment in favor of the plaintiff in error.

On the trial in the circuit court, after the facts above mentioned were found, the defendant in error asked the circuit judge to make the following additional findings:

"(1) That plaintiff, J. C. Rogers, fraudulently removed his property to Jellico, Kentucky, from his residence in Jellico, Tennessee, shortly prior to the issuance and levy of the execution in this case, and that said Rogers removed his property as aforesaid for the purpose of evading payment of the judgment on which the execution was issued and levied on the mare and mule in controversy. This request is based upon the testimony of J. C. Rogers, the plaintiff, given on his cross-examination.

"(2) That plaintiff, J. C. Rogers, moved his barn, or, rather, rebuilt his barn, across the State line in Jellico, Kentucky, and stabled all his horse stock in Kentucky, and does now, after the suit was instituted in which the judgment on which the execution levied on the mare and mule in controversy was issued; that

Rogers' barn in Tennessee was burned on April 24, 1905; that L. P. Smith instituted suit against Rogers in June, 1905, and after August 1, 1905, Rogers built his barn in Kentucky, where he has ever since, and does now, keep his four head of horse stock, the mare and mule in controversy, and the two small bank mules, 'Frank' and a white mule. This request is based on the testimony of L. P. Smith and J. C. Rogers, the plaintiff.

"(3)   That prior to the levy of the execution in question, and after the affirmation of the judgment in the supreme court, by defendant, Millard Ayers, on the mare and mule in controversy, plaintiff, J. C. Rogers, frequently rode, in a run, his bank mule, 'Frank' in Jellico, Tennessee; but that since said levy plaintiff, Rogers, has kept said mule 'Frank' in Kentucky. This request is based upon the testimony of J. C. Rogers and L. P. Smith.

"(4)   That plaintiff, Rogers, operates a coal mine in Jellico, Kentucky, which mine is about five hundred or six hundred feet across the State line between Tennessee and Kentucky; that in this mine Rogers works his two small bank mules, and from this mine he works the mare and mule in controversy, in hauling coal into Tennessee to his customers, and to be loaded on cars in the city of Jellico, Tennessee, for shipment.

"(5)   That plaintiff, J. C. Rogers, failed to bring the two small bank mules in his possession at the time of the levy, and tender them, and offer to exchange them

for the mare and mule in controversy; that, in claiming the mare and mule levied on as exempt, Rogers never offered the officer, Millard Ayers, the two small mules in exchange for the mare and mule claimed as exempt."

The circuit judge declined to make these additional findings.

The case was appealed to the court of civil appeals, and there tried, resulting in a judgment in favor of the defendant in error, and from this judgment the case was brought to this court upon *certiorari.* Errors were assigned here by the plaintiff in error upon the decision of the court of civil appeals, and the defendant in error renewed here his objections to the findings of the circuit judge.

As to the matters covered by the first request, the testimony shows that the plaintiff in error's piano was moved into Kentucky to avoid its subjection to the judgment of Smith. This request, as bearing upon the bank mules, will be disposed of later, in stating our general conclusion from all the evidence.

The matters stated in the second request are found in the evidence.

As to the matters contained in the third request, it is shown in the evidence of the plaintiff in error that he frequently rode the mule "Frank" in a run into Jellico. This was before the execution was issued, but whether it was after the judgment of the supreme court does not appear clearly. We think, however, it may be inferred

that it was after the affirmance of the judgment, and before the issuance of the execution.

The matters contained in the fourth and fifth requests are found in the evidence.

From the additional facts found taken in connection with those found by the circuit judge, we cannot resist the conclusion that the plaintiff in error built his barn in Kentucky, and kept the bank mules over there, for the purpose of evading the payment of the Smith debt. We are of the opinion that the act of the plaintiff in error in so removing the two small bank mules out of Tennessee into Kentucky, and keeping them in the latter State, and his failure to turn them over under the execution, in place of the animals levied on, must be regarded as a selection of these mules as his exempt property. Of course, when the horse and mule were levied on, the plaintiff in error had the right to select these latter animals as his exempt property; but it became his duty to put other property of the same kind in their place, if he had it. *Pyett* v. *Rhea,* 6 Heisk., 137. It would not do for him to say that he could not place the other two mules under the execution in lieu of the live stock levied on, on the ground that the said other mules were in Kentucky, as stated. Having removed them into the latter State for the purpose of avoiding the payment of the debt, he must be treated as having selected those mules as his exempt property. In *Robinson* v. *Myers,* it was said: "The fourth provision in the general execution statute of 1828 (1 St. Law,

Rogers v. Ayers.

641), whether interpreted according to its letter or to its obvious policy, should be understood as intended to secure to every housekeeper with a family against the claims of judgment creditors, the use of only one work beast. If he has more than one, and for the purpose of eluding his creditors, or for any other purpose, sends all except one beyond the limits of his county, or even this State, he cannot be entitled to the exemption of the only one left at home, because he would then have more than one which he might use, and the statute only intended to secure to him the right to use one; and though an execution debtor, owning more than one work beast subject to the execution, may elect which one he will keep, yet, if one of them only be within reach of the excution, he cannot defeat the creditor's levy on that one, by electing to keep it, whilst he retains the right to control and enjoy the use of another, which he will not substitute under the execution; for if he could do so a beneficent statute, enacted for his protection, might be prostituted as *an engine of fraud and evasion, and thus perverted to* ends altogether inconsistent with its spirit and policy. As, therefore, the facts in this case conduced to prove that the plaintiff had a work beast which he had carried to Tennessee, and there left, subject to his control at any time, the verdict and judgment in favor of the defendants, in this action of trespass, for selling under execution the only work beast belonging to him in this State, was not without evidence, or contrary to law, and

should not therefore be disturbed." 3 Dana (Ky.), 441, 442. Likewise, in the recent case of *Fla. Loan & Trust Co.* v. *Crabb,* it was held that concealment or removal beyond the reach of his creditors of part of his personal property by a defendant in an attachment proceeding, as a preliminary to claiming his right of exemption, would, where the property remained concealed, be treated as a selection *pro tanto* by the debtor of his exemption. 45 Fla., 306, 33 South., 523.

We think both of these decisions are supported by sound reason and common sense.

That the counsel for defendant in error acted correctly in making application for additional findings is apparent from the rules laid down in *Hinton* v. *Insurance Co.,* 110 Tenn., 113, 72 S. W., 118; and that we may, upon such requests made, review the evidence at large, when other material facts are found in the record not included by the circuit judge, is apparent from the same case. See page 129 of 110 Tenn., and page 121 of 72 S. W.

It results that there is no error in the judgment of the court of civil appeals, and it is affirmed.