## FLETCHER v. POPEJOY.

No. 10804—Opinion Filed Oct. 3, 1922.

(Syllabus.)

**1. Homestead — Conveyance by Husband Alone — Necessity for Abandonment.**

When property has once been impressed with the homestead character, the title to which is in the husband, it must be made to clearly appear that the wife voluntarily intended to relinquish and did abandon the homestead, and that another homestead has been acquired, before the husband can convey it without her consent given as required by law. Long v. Talley, 84 Okla. 38, 201 Pac. 990.

**2. Same — Constitutional Provision.**

Under section 2 of article 12 of the Constitution of Oklahoma, the owner of the homestead, if married, cannot sell the same without the consent of his or her spouse, given in such manner as may be prescribed by law.

**3. Same — Conveyances — Requisites — Statute.**

Section 1143, Revised Laws of Oklahoma, 1910, provides that no deed, mortgage, or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated.

**4. Same — Effect of Decree in Divorce Case Divesting Wife of Title.**

Where the husband institutes an action for a divorce, and the wife files an answer and cross-petition for divorce, and the court denies the divorce to either party, but decrees the title to the homestead in the plaintiff and attempts to divest the defendant from any rights in and to the homestead, and decrees that the plaintiff may sell and dispose of the homestead without the consent of the wife, that part of the decree dealing with the homestead and which assumes to divest the wife of any rights therein is in violation of the Constitution and laws of Oklahoma and is a nullity and void.

Error from District Court, Caddo County; Will Linn, Judge.

Action by John W. Fletcher against R. Ben Popejoy to cancel an oil and gas mining lease. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with instructions.

W. C. Stevens, for plaintiff in error.

Morris & Jameson, for defendant in error.

MILLER, J. This action was commenced in the district court of Caddo county by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, to cancel a certain oil and gas lease on the following tract of land situated in Caddo county, Okla., to wit :"N. W. ¼ of section 34, township 6 north, range 10 west of the Indian Meridian."

The oil and gas lease sought to be canceled was executed by plaintiff, John W. Fletcher, purporting to convey the oil and gas rights to defendant, R. Ben Popejoy, for a period of ten years and as much longer as oil and gas was produced in paying quantities.

The petition states that the plaintiff, John W. Fletcher, filed upon said land as a government homestead and resided thereon, and thereafter a patent was issued to him by the government of the United States after due proof of his actual occupancy thereof as required by law, and that the plaintiff had occupied the same as his homestead by himself and family. That his wife, Birdine Fletcher, was still living, and that they had never been divorced nor legally separated.

The petition also set up allegations of fraud on the part of the defendant in procuring the oil and gas lease and in transactions connected therewith.

The case was tried to the court without the intervention of a jury, and judgment rendered holding the lease to be a valid and subsisting oil and gas lease on said land. The plaintiff saved all necessary exceptions; perfected this appeal, and seeks to reverse the judgment of the trial court. For convenience, the parties will be referred to as they appeared in the court below.

The plaintiff sets out several specific assignments of error, and then discusses them under the following heads: The actionable fraud; the homestead; judgment in divorce action of Fletcher v. Fletcher; reopening of the case, and the court erred in overruling motion for a new trial.

Under the homestead question presented by plaintiff, he contends that the lease was void because it was not signed by his wife. We agree with this contention.

It is not disputed that the land in controversy was filed on by the plaintiff as a homestead entryman either in the year 1901 or 1902. The certificate of final proof was offered in evidence and bears date of March 14, 1905, executed by T. Roosevelt, as President, by his Secretary.

The defendant's answer denies generally the allegations of the petition; denies any fraud in procuring the lease; denies the land was the homestead of the plaintiff at the time of the execution of the lease or any time thereafter. It alleges that an action

for divorce was instituted in the district court of Caddo county by plaintiff, John W. Fletcher, against Birdine Fletcher, his wife, being case No. 3310, and attached to said answer is a copy of the journal entry of judgment in said divorce action, which, omitting the formal parts, reads as follows:

"Now on this the 26th day of September, 1916, both parties being present, this cause comes on for final judgment, and the court being fully advised in the premises, is of the opinion that under the evidence neither the plaintiff nor the defendant should be granted a divorce, and therefore the court order, that plaintiff's petition be dismissed and that the defendant's cross-petition so far as it seeks a divorce should be dismissed.

"Upon the question of the defendant's cross-petition to a division of the plaintiff's property, the court finds that neither of the parties will again live with the other, and that the court should at this time settle the property righs of the parties.

"The court finds that the defendant should have as her part of the property owned by the plaintiff, and which has advanced in value, and been accumulated since the marriage, the sum of $800, and that such sum shall be in full satisfaction of all her rights, title, and interest in and to any of the property which at this time belongs to the plaintiff or be held by him in his name, but further finds that the payments of such sum to the defendant should be deferred, as herein provided.

"It is therefore ordered, decreed, and adjudged by the court that the defendant herein, Birdine Fletcher, have and recover of the plaintiff herein, John W. Fletcher, the sum of $200 on the 1st day of November, 1917, and the remaining $300 on the first day of November, 1918, and that the plaintiff pay the cost of the action.

"It is further adjudged and decreed by the court that the plaintiff herein shall have the right, use, occupance, ownership, and control of all his real estate, and personal property, free from the control of the defendant, and that he may use, lease for farm purposes, and enjoy same without the signature or consent of the defendant, but it is further ordered that in the event the plaintiff should lease the said lands for oil and gas purposes, before the payments become due as shown above, then and in that event, the sum of next deferred payment herein shall become due, and payable, and the court further orders and adjudges that upon the satisfaction of this judgment the plaintiff may sell and convey the said lands, free from the defendant joining in any conveyance, and that he may lease and let the said lands for oil and gas purposes, upon complying with the order as above set out to pay to the defendant the next deferred payment of the judgment, and that such oil lease or gas lease, or sale of the said lands, this judgment being complied

with, shall be binding upon the defendant the same as if the defendant has joined in such lease or sale.

"Will Linn, Judge."

The petition of the plaintiff in the divorce action and the answer and cross-petition of the defendant, Birdine Fletcher, in the divorce action were offered in evidence on the trial of this case. The petition was filed May 1, 1916, and alleges that plaintiff and defendant were married on July 10, 1898, and they lived on the land in controversy until on or about the 15th day of April, 1916. The defendant's answer and cross-petition for divorce was filed May 26, 1916. She alleges that in the year 1901 they took up their domicile on the land in controversy in Caddo county, and that she was still a resident of Caddo county. She further alleges that, on account of the cruel treatment of the plaintiff, she left his place of residence and was then running a restaurant in Lawton, Comanche county, Okla.

In the case at bar the plaintiff testified that the land was still his homestead. That late in the fall of 1916 he rented the land until sometime in June, 1917. That he had not acquired a homestead elsewhere. He had been out of the state working in a powder mill prior to the trial of this case, which was commenced on the 24th day of September, 1918. The lease in controversy was executed November 9, 1916. Notwithstanding this testimony and the record evidence contained in the petition, answer and cross-petition, and journal entry in the divorce case, the court made the following finding:

"* * * The court further finds that the judgment in cause No. 3310, entitled Birdine Fletcher v. John W. Fletcher, is a valid judgment and that said judgment divested said Birdine Fletcher of her homestead rights in and to the northwest quarter of section 34, township 6 north, range 10, W. I. M.; and that said real estate is not now, and was not at the time this action was filed, and was not at the time the lease involved in this action was executed, the homestead of plaintiff. That he had a right to lease said lands for oil and gas to defendant."

The defendant contends in his brief that because the trial court found the land in controversy was not the homestead, such finding is conclusive on this court. He fails to point out any evidence in the record to sustain such a finding. We have read the record carefully, and are unable to find any evidence to sustain this finding of the trial court. The record clearly shows that the plaintiff and his wife had resided upon this land as their homestead from the year 1901 until in April, 1916. He still claimed it

as his homestead. She moved to Lawton and was running a restaurant, but in her verified answer and cross-petition she alleges she was still a resident of Caddo county. She had no other residence in Caddo county save and except the land in controversy; at least, it does not appear she had.

In paragraph 3 of the syllabus in the case of Long v. Talley, 84 Okla. 38, 201 Pac. 990, it is said:

"When property has once been impressed with the homestead character, the title to which is in the husband, it must be made to clearly appear that the wife voluntarily intended to relinquish and did abandon the homestead, and that another homestead has been acquired, before the husband can convey it without her consent given as required by law."

Section 2, article 12, of the Constitution of Oklahoma, provides in part as follows: "* * * Nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law. * * *"

The manner prescribed by law is set forth in section 1143, Revised Laws of Oklahoma 1910. That part of said section relating to the homestead reads as follows:

"* * * And no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated, except to the extent hereinafter provided."

The exception above referred to is provided for in section 1145, Revised Laws of Oklahoma, 1910, which reads as follows:

"Where the title to the homestead is in the husband, and the wife voluntarily abandons him for a period of one year, or from any cause takes up her residence out of the state, he may convey, mortgage or make any contract relating thereto without being joined therein by her; and where the title to the homestead is in the wife, and the husband voluntarily abandons her, or from any cause takes up his residence out of the state for a period of one year, she may convey, mortgage or make any contract relating thereto without being joined therein by him."

The foregoing section of the statute has been held by this court to be unconstitutional, as being repugnant to section 2 of article 12 of the Constitution, in the case of Whelan v. Adams et al., 44 Okla. 696. 145 Pac. 1158, paragraph six of the syllabus reading:

"Sections 882 and 883, Wilson's Rev. & Ann. St. 1903 (sections 1189 and 1190, Comp. Laws 1909; Rev. Laws 1910, sec. 1145), infringe upon and are repugnant to section 2

of article 12 of our Constitution, prohibiting the sale of the homestead, where owned by a married man, without the consent of his wife given in the manner prescribed by law; hence were not extended in force in the state by section 2, art. 12, of the Constitution."

The relation of husband and wife existed. The husband and wife were both living and not divorced or legally separated, for by the decree in the action for divorce, a copy of which was attached to defendant's answer, the court specifically denied the divorce. That part of the decree in the divorce action which provides that the plaintiff may sell and convey said land free from the defendant joining in any conveyance, and that he may lease and let the said lands for oil and gas purposes, is a nullity because it is in direct conflict with the Constitution and statutes of Oklahoma above referred to. A court does not have either power or authority to set at naught the provisions of the Constitution and enter a decree in direct violation thereof, and any decree or judgment is a nullity and void in so far as it attempts to authorize the doing of something prohibited by the Constitution. The lease in question was for a period of ten years, while the statutes only permit the leasing of the homestead for a period not exceeding one year.

In the case of Hawkins v. Corbit, 83 Okla. 275, 201 Pac. 649, we quote a part of the third paragraph of the syllabus as follows:

"Under the above provisions of the Constitution and laws of Oklahoma, the homestead exempt by law cannot be alienated except by written instrument joined in and subscribed by both husband and wife, where that relation exists. * * *"

In Kelly et al. v. Mosby et al., 34 Okla. 218, 124 Pac. 984, this court in paragraph 3 of the syllabus said:

"Under the act of 1901 (Sess. Laws 1901. p. 78, c. 10; Comp. Laws 1909, sec. 1187, which provides that no deed, mortgage, or contract relating to the homestead shall be valid unless in writing and subscribed by both husband and wife, an instrument executed by the husband alone, conveying a right of way for a period of ten years over a part of the homestead, is not valid as against the wife."

The defendant cites the following cases to support the decree in the divorce case making a division of the property and authorizing the sale or leasing for oil and gas purposes of the homestead without the wife joining therein: Busenbark v. Buzenbark (Kan.) 7 Pac. 245; Edgerton v. Edgerton (Mont.) 29 Pac. 966; Jones v. Jones, 63 Okla. 208, 164 Pac. 463; Hartshorn v. Hartshorn, 67 Okla. 45, 168 Pac. 822; Yates v. Yates, 60 Okla. 217, 159 Pac. 1107.

We have examined each of these cases, and it does not appear in any of them that the homestead was involved in the property sought to be equitably divided.

For further authorities supporting the views expressed in the protection of the homestead, see Hawkins v. Corbit, supra, and Long v. Talley, supra, and cases therein cited.

As the judgment of the trial court must be reversed, it will be unnecessary to pass on the other questions raised in plaintiff's brief.

The judgment of the trial court is reversed, and this cause remanded, with instructions to enter judgment herein canceling the oil and gas lease.

KANE, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.