**BOOKER v. FIRST NAT. BANK et al.**

No. 16451—Opinion Filed March 2, 1926.

Rehearing Denied April 13, 1926.

**1. Action—Remedies — Substance Rather than Form Determines Rights.**

The law looks to substance, rather than to form, in determining the legal rights among parties in relation to a given subject-matter.

**2. Homestead—Proceeds of Fire Insurance Policy Exempt.**

The sum of money due on an insurance policy, covering improvements on a homestead which has been destroyed by fire, is exempt from garnishment or attachment by a creditor, whose indebtedness is not secured by a lien on the homestead.

**3. Appeal and Error—Evidence Sufficient to Support Judgment.**

Record examined; held, to be sufficient to support judgment in favor of the plain-

tiff dissolving the attachment, and insufficient to support judgment against the garnishee.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Bryan County; Porter H. Newman, Judge.

Action by the First National Bank against Geo. W. Booker for debt. Attachment against lands. Garnishment against Durant Country Club. Defendant appeals from order sustaining garnishment; the plaintiff cross-appeals from order dissolving attachment. Judgment dissolving attachment affirmed. Judgment sustaining garnishment reversed and remanded.

Utterback & Stinson, for plaintiff in error.

Hatchett & Ferguson, for defendant in error.

Opinion by STEPHENSON, C. G. W. Booker owned and occupied as a homestead 140 acres of land situated near Durant. The owner, joined by his wife, executed and delivered a real estate mortgage to secure the sum of $5,000 to the American Investment Company. Thereafter the owner, joined by his wife, sold and conveyed 80 acres thereof, subject to the mortgage, to the Durant Country Club. The latter assumed and agreed to pay the mortgage indebtedness of $5,000 to the mortgagee, in the deed of conveyance, as a part of the purchase price. The owner, pursuant to a provision of the mortgage, procured an insurance policy in about the sum of $3,500, on the improvements, situated on the remaining 60 acres, which carried a mortgage clause in favor of the American Investment Company. G. W. Booker was indebted to the First National Bank on his personal promise for about $6,000. The improvements were damaged and destroyed by fire, which became a liability of the insurance company in about the sum of $3,633. The First National Bank commenced its action for recovery of the indebtedness against Geo. W. Booker. The plaintiff caused an attachment to be run against the remaining 60 acres, and caused a garnishment proceeding to be run against the Durant Country Club. The trial of the cause resulted in a personal judgment against the defendant for the indebtedness owing the bank. The court dismissed the attachment on the ground that the 60 acres constituted the homestead of the defendant. The court entered judgment on the garnishee's answer, which was to the effect that it was indebted to the defendant in about the sum of $3,633. The defendant has appealed from the judgment in the garnish-

ment proceedings. The plaintiff has cross-appealed from the judgment dissolving the attachment.

The garnishee answered to the effect that Geo. W. Booker had paid to the mortgagee the proceeds from the policy on an indebtedness that the garnishee had assumed to pay for the defendant, and which was the indebtedness of the garnishee, and that the latter was thereby liable to the defendant for a sum equal to that amount, which the mortgagee had received from the fire insurance policy.

There are three questions involved in the ruling of the court sustaining the garnishment proceedings against the defendant: (1) Was the 60-acre tract of land impressed with the homestead status at the time the improvements were destroyed by fire? (2) Are the proceeds from an insurance policy on homestead improvements protected by the homestead exemption law? (3) If so, can the exemption be destroyed by the wrongful act of a person other than the homestead claimant?

The court found the issue in favor of the defendant in dissolving the attachment. There is sufficient competent testimony to support the finding of the court. Fletcher v. Popejoy, 87 Okla. 185, 209 Pac. 746; Long v. Talley, 84 Okla. 38, 201 Pac. 990.

The precise question, as made by the second proposition, has not been before the court heretofore. This court has decided that the proceeds from the sale of the homestead are not subject to attachment or garnishment. It is reasoned that if the owner of the homestead may not be protected in acquiring a second homestead, through the sale and conveyance of the first, the purpose and effect of the homestead laws would be materially impaired. State ex rel. Freeling v. Brown, 92 Okla. 137, 218 Pac. 816.

The rule that the proceeds from an insurance policy, on homestead improvements, are not subject to attachment for debt, is consistent with the purpose of the homestead exemption law. The contrary rule has been given effect, but the former is recognized to be the more reasonable rule, and is supported by the weight of authority. Ellis v. Pratt City, 111 Ala. 629, 20 South. 649, 56 A. S. R. 76, 33 L. R. A. 246; Reynolds v. Haynes, 83 Iowa, 342, 40 N. W. 851. 32 A. S. R. 311, 13 L. R. A. 719: Puget Sound Dressed Beef & Packing Co. v. Jeffs et al., 11 Wash. 466, 39 Pac. 962, 27 L. R. A. 808.

The mortgage clause, which the fire insurance policy carried, was an independent contract between the mortgagee and the insurance company. Any liability on the mortgage clause was to the mortgagee. Phoenix Ins. Co. v. Omaha Trust Co., 41 Neb. 834; Ulster County Savings Inst. v. Leak, 73 N. Y. 161, 29 Am. Rep. 115; Westchester Ins. Co. v. Coverdale, 48 Kan. 446; Syndicate Ins. Co. v. Bohn, 65 Fed. 165; Hartford Ins. Co. v Olcott, 97 Ill. 439; Allen v. Watertown Ins. Co., 132 Mass. 480.

The Durant Country Club assumed the payment of the mortgage, in writing, in the deed of conveyance from the defendant. This was, in effect, a contract in writing between the vendor and vendee for the benefit of a third party. As between the mortgage company and the defendant, the Durant Country Club was secondarily liable for the indebtedness. As between the Country Club and the defendant, the former was primarily liable for the $5,000. Scott v. Norris, 62 Okla. 292, 162 Pac. 1085.

The agreement and liability of the Durant Country Club, so far as the plaintiff is concerned, was an indebtedness owing by the former to the American Investment Company, and not garnishable in this action. The proceeds of the fire insurance policy were not liable to the garnishment of the plaintiff, as they were exempt. The right of the American Investment Company to the proceeds from the insurance policy had its inception in the real estate mortgage, and was perfected in the mortgage clause. The American Investment Company might waive, or fail to assert, its rights in the mortgage clause; then the insurance company became liable to the owner on the contract created by the policy, and the proceeds were not subject to attachment by the plaintiff. The garnishee answered that it owed the defendant, because the latter had paid an indebtedness for it. Therefore, that sum of the indebtedness assumed by the Durant Country Club, equal to the amount due on the policy, must have been due and payable from the club to the mortgage company. As among the parties to this action, the duty to pay the indebtedness assumed was the primary liability of the club, and the defendant occupied the status of a guarantor in relation to the payment. As to the parties in this action, the defendant paid the obligation of the club, and not his own. The payment by the defendant was occasioned by the legal wrong of the club in not paying its own indebtedness. If the garnishee had paid the indebtedness which it owed as principal, the right of the mortgagee to the proceeds of the policy would have been extinguished. Since the defendant, as guarantor for the club, paid the indebtedness owing by the club to the mortgagee, because of the

default of the principal, how can it be said that the wrong of the club destroyed the homestead-exemption of the defendant? Is not the substance of the subject-matter of this action the proceeds from the insurance policy? We think, as among the parties to this action, the club cannot by its own wrong, where the defendant is free from wrong, destroy the homestead exemption applicable to the proceeds of the policy.

Mortgage indebtedness, equal to the sum due from the policy, was then due to the mortgagee, if we accept the garnishee's answer as true. To the extent that the mortgage indebtedness was satisfied, the interest of the mortgagee in the mortgage clause was accordingly extinguished in favor of the defendant. The right of the owner then came into existence on his policy, to the proceeds of the policy, in proportion to the diminishment of the mortgagee's interest in the mortgage clause. This fund was exempt against everybody except the American Investment Company. The latter is not questioning the right of the defendant to the fund. Therefore, a garnishment of the funds in favor of the plaintiff must be in violation of the homestead exemption of the defendant.

The position of the plaintiff must be, to sustain the judgment, that the sole wrong of the Country Club, in its failure to pay the indebtedness it then owed to the mortgage company, operated to destroy the homestead exemption of the defendant. We think this position cannot be maintained by the plaintiff. The law will look to the substance, rather than to form, in determining the rights among the parties. Draffin v. Smith, 63 Ark. 83, 37 S. W. 307; Treat v. Wilson, 65 Kan. 729, 70 Pac. 893; Reynolds v. Haines, 83 Iowa, 342, 49 N. W. 851, 32 A. S. R. 311, 13 L. R. A. 719; Crawford v. Carroll, 93 Tenn. 661, 27 S. W. 1010, 42 A. S. R. 943, 26 L. R. A. 415.

It must be conceded that the satisfaction of the indebtedness due the mortgagee, as to the parties here, was the primary liability of the club. It must be further conceded that if the club had paid the indebtedness equal to the proceeds from the policy, the right to the proceeds from the policy would have passed to the defendant. It must be conceded further that the defendant had a right of action against the Country Club for a sum of money equal to the amount the mortgagee received from the policy. A judgment in favor of the defendant against the Country Club, for the money the latter ought to have paid to the mortgagee, would have been exempt from attachment or garnishment. Stebbins v. Peeler, 29 Vt. 289; Below v. Robbins, 76 Wis. 600.

20 A. S. R. 89; Crawford v. Carroll, 83 Tenn. 661, 42 Am. St. Rep. 943; Wylie v. Grundysen, 51 Minn. 360, 38 Am. St. Rep. 509.

Where the sheriff had attached and sold exempt property, and paid the proceeds from the sale into the hands of the clerk of the court, the fund is not subject to garnishment by creditors of the defendant. The proceeds from the wrongful attachment and sale continue to be protected by the exemption in favor of the property. Falconer v. Head, 31 Ala. 513.

A judgment against a railroad for negligently killing an exempt horse is not subject to garnishment by the creditors of the plaintiff. Crawford v. Carroll, supra.

The judgment dissolving the attachment is affirmed, and reversed and remanded as to the garnishment proceedings.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. p. 986 § 94 (Amno). (2) 29 C. J. p. 838 § 131; anno. 19 L. R. A. 34; 11 R. C. L. p. 532; 2 R. C. L. Supp. p. 1268. (3) C. J. p. 1180 § 3214.