HURT *v.* PERRYMAN.

(*Nashville,* December Term, 1938.)

Opinion filed Dec. 17, 1938.

S. E. WASSON and THURMAN THOMPSON, both of Lewisburg, for appellant.

McLANE & CRAIG, of Lewisburg, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The only question for determination is whether the defendant is "the head of a family," within the meaning

of our exemption laws, so as to entitle him to the exemptions provided by section 7701 of the Code.

The chancellor and the Court of Appeals have concurred in finding the following facts:

1. Defendant is twenty-six years of age and has never been married.

2. The father of defendant died in March, 1930, survived by his widow, four sons, and two daughters, but left no estate.

3. Defendant, ever since his father's death, has rented a home where his mother and three minor brothers have lived with him and have been supported by him.

4. The two sisters are married, and the three minor brothers are in high school.

5. The mother and three minor brothers are entirely dependent upon defendant for support.

6. For the past seven years defendant has paid the house rent, light, medical, and supply bills, including groceries and clothing for the family, and has borne the expense of educating his brothers. He has earned a support for himself, mother, and three brothers by farming and operating a truck.

7. Defendant has been a bona fide resident of this State ever since the death of his father.

We think the other courts were correct in holding that defendant is "the head of a family" and entitled to the exemptions provided by section 7701 of the 1932 Code.

In 25 C. J., 23, it is said: " 'Family,' as defined by most courts in construing statutes exempting property of the head of the family, means a collection of persons living together under one head, under such circumstances or conditions that the head is under a legal or moral ob-

ligation to support the other members, and the other members are dependent upon him for support.''

In the same book, on page 26, it is said: ''While an unmarried person, with no one dependent upon him, is not the head of a family, although he may keep house and have servants, unmarried persons, whether men or women, may be the heads of families if they have children or other relatives dependent upon them for support.''

In the notes to the foregoing texts numerous cases have been collected holding that an unmarried son, supporting his mother or his brothers or sisters, is the head of a family, and, as such, is entitled to the exemptions provided by law. It is unnecessary to list the cases so holding since we find practically no authority to the contrary.

The same rule is stated in 11 R. C. L., 502, which we quote as follows:

''Perhaps the most frequent designation of debtors entitled to the benefit of exemption laws is the 'head of a family.' Within such statutes a family is a collective body of persons who live in one house and under one head or manager. The number of persons thus living together is not at all important, except that there must be more than one, as it is quite certain that two persons may constitute a family; e. g., husband and wife, father and child. It is not necessary that the relation of husband and wife, or of parent and child, should exist, in order to constitute a family having a head, within the meaning of the exemption laws. The exemption extends to one who has residing with him those so connected with him by blood, or ties of residence and association, as to become part of his household, and who have no residence

but that which they enjoy under his favor, and whom he is under a legal or moral duty to support."

On page 504, it is further stated: "While it is sometimes broadly stated that an unmarried person cannot, by establishing a residence and employing servants, claim an exemption as the head of a family, such a generalization is inaccurate, for where, in good faith, he has living with him as a family near relatives, as brothers, sisters, nephews, or nieces, for whom he provides, he is entitled to an exemption as the head of a family."

In *Searcy* v. *Short,* 69 Tenn. (1 Lea), 749, 751, it was stated that "the statutes on the subject should be liberally construed in favor of the parties intended to be protected by it." In that case the rule was announced that to entitle a party to claim exemptions of personal property as the head of a family he must have a home, a family circle at that home of one or more under his control.

The mother, brothers, and neighbors of the defendant testify that he not only supports the members of his household, but that he directs and controls them and is, in fact, the head of the family circle.

Writ denied.