# FOREHAND v. FOREHAND et al.—187 S. W. (2d) 635.

Middle Section.    February 24, 1945.

Petition for Certiorari denied by Supreme Court, May 15, 1945.

Rutherford & Rutherford, of Nashville, for appellant.

Farmer, Denney & Leftwich, of Nashville, for appellees.

HICKERSON, J. Dr. J. J. Ashby was awarded a judgment against W. G. Forehand in the Circuit Court of Davidson County for $300 and the costs of that cause. By a petition in this cause Dr. Ashby sought to impound and subject funds in the hands of the Clerk and Master belonging to W. G. Forehand to the satisfaction of the judgment in the circuit court.

Defendant pleaded as a defense to the petition that he was the head of a family, and claimed the fund in the hands of the Clerk and Master as exempt property.

The Chancellor sustained the petition of Dr. Ashby and decreed accordingly. W. G. Forehand appealed to this court.

There is only one question before this court: Was W. G. Forehand entitled to the fund in question as exempt property?

W. G. Forehand was a widower. He and two sons, who were single, lived together in a rented house, the monthly

rental being $20. One of the sons was twenty-seven years old; the other thirty-one years old. The father had very little earning capacity. He only earned $100 in about two years. One of the sons was sick and had no earning capacity. The other earned from $93.84 to $158.86 monthly. This son had a regular job with the railroad and listed his father and brother as dependents in preparing a statement from which the withholding tax from his salary was computed.

Walter W. Forehand, the son who was working, testified that he and his father kept their money in a box at home as a common fund. It was not shown how much money was in this box nor how much of it belonged to the father; but it is fairly inferable that practically all of the money in this box belonged to the son. From this common fund all the family expense was paid. Wherefore, Walter W. Forehand supported his father and invalid brother almost entirely.

From the foregoing facts the Chancellor reached the conclusions: (1) That W. G. Forehand was not the head of a family within the meaning of our exemption statutes. Code Section 7701, as amended by Chapter 138, section 1, Acts of 1939, and Chapter 155, section 1, Acts of 1943. (2) That W. G. Forehand was dependent on his son, Walter W. Forehand. (3) That W. G. Forehand did not show the value of his other personal property.

The proof justifies these conclusions which the Chancellor reached and we concur therein.

The term, "the head of a family," as it is used in our exemption statutes, was considered by our Supreme Court in Hurt v. Perryman, 173 Tenn. 646, 122 S. W. (2d) 426, 427, where the Court said: "In the notes to the foregoing texts numerous cases have been collected holding

that an unmarried son, supporting his mother or his brothers or sisters, is the head of a family, and, as such, is entitled to the exemptions provided by law. It is unnecessary to list the cases so holding since we find practically no authority to the contrary." Applying the construction there given to this term to the facts of the instant case, we are clearly of the opinion that the son, Walter W. Forehand, was the head of this family, and not his father, W. G. Forehand.

The burden of proof was upon W. G. Forehand, who claimed the cash exemption provided by statute, to prove that he was the head of the family, and the value of the personal property which he owned, exclusive of the property sought to be subjected by his creditor. A debtor might not have the specific articles enumerated in Code Section 7701, as amended by the Acts of 1939 and 1943; but might have thousands of dollars in cash or in bank. Under such circumstances the debtor would certainly not be entitled to claim his statutory cash exemption of $450 out of nonexempt personalty upon which his judgment creditor had caused an execution to be levied. If the value of his remaining personalty should exceed the $450 cash exemption, his claim of exemption of the property upon which the levy had been made should be denied; and the burden would be upon the debtor to prove the value of his remaining personalty. Rogers v. Ayers, 119 Tenn. 340, 104 S. W. 521, 123 Am. St. Rep. 725; Wolfenbarger v. Standifer, 35 Tenn. 659; 22 Am. Jur. 119, Exemptions, section 156.

Dr. Ashby further contends that the debtor could not claim an exemption in this property in the hands of the Clerk and Master because such property was not in the possession of the debtor. In Sherwin-Williams Co.

v. Morris, 25 Tenn. App. 272, 156 S. W. (2d) 350, 353, this court said: "There is nothing in the contention that the defendant could not claim exemption of money in the bank. The courts have held that the proceeds of pension money, in the bank, damages recovered in a judgment for the destruction of exempt property, or for its wrongful conversion, and the proceeds of insurance on exempt property destroyed by fire, are exempt. Price v. Society for Savings, 64 Conn. 362, 30 A. 139, 42 Am. St. Rep. 198; Crawford v. Carroll, 93 Tenn. 661, 27 S. W. 1010, 26 L. R. A. 415, 42 Am. St. Rep. 943; Wright v. Brooks, 101 Tenn. 601, 49 S. W. 828.''

We see no difference in a debtor claiming that money in a bank which belongs to him is exempt; and claiming that money in the hands of a Clerk and Master which belongs to him is exempt.

All assignments of error are overruled, and the decree of the Chancery Court is affirmed with costs. Remand for further proceedings.

Felts and Howell, JJ., concur.