CLARK HAIR *v.* DANA RAMSEY.

(*Knoxville,* September Term, 1932.)

Opinion filed October 22, 1932.

KILGO & ARMSTRONG, for plaintiff in error.

BERTHOLD FRAKER, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Hair brought this action to replevy a horse that had been levied on under an execution issued under a judg-

ment based on an obligation incurred prior to January 1st, 1932, when the new Code became effective. He insists that the lump personalty exemption of $750, fixed by Section 770, of the new Code, has application. The trial court held the exemption laws in effect at the time of the creation of the obligation applicable. The case was heard on a stipulation of facts showing that the horse levied on was not exempt under the former statutes, and that the total value of the execution debtor's personal property was less than $750.

There was no error in the judgment below. In principle the question was directly determined in *Hannum* v. *McInturf*, 6 Bax., 225. In that case the exemption of a homestead by the constitution and law of 1870 was involved. Reviewing authorities the Court said that, "to deprive the creditor of the right to enforce collection of his debt by prohibiting him from reaching all of the property of his debtor from appropriation to the payment of his debts, by a law passed after the creation of the debt, would certainly be within the inhibition of the constitution." Also, "we therefore conclude the sound rule to be that such property as was subject to execution at the time the debt was contracted must remain subject to execution, or sale by other process, until the debt is paid."

Moreover, by Section 5 of the new Code, it is expressly provided that "No action or proceeding commenced before this Code goes into operation, and no right accrued, is affected by its provisions," etc.; and by Section 26, "All the provisions of the following Chapters, Articles and Sections shall be in force on and after the first day of January, Nineteen Hundred and Thirty-two, A. D.'

Affirmed.