CROOK *v.* L. H. BROOKS CO.

(*Nashville*, December Term, 1938.)

Opinion filed Feb. 4, 1939.

E. T. HOLLINS, JR., of Nashville, for plaintiff in error.

JACOB H. DOYLE, of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The question presented by this appeal is as to the amount of a debtor's wages exempt, the indebtedness having been created prior to the effective date of the Code of 1932 (section 26). The Court of General Sessions held that the exemption statute in force prior to the Code of 1932 controlled. The circuit judge affirmed this judgment and the debtor has appealed.

The indebtedness was created and reduced to judgment in February, 1930. Garnishment process issued in October, 1937. The debtor's employer answered that he owed the debtor $56.60 for the previous month and judgment was entered against the employer for $16.60. Shannon's Code, section 3795a3.

Section 7711 of the Code of 1932 provides that there shall be exempt $36 of the salary or wages of every person earning in excess of $40 a month who is the head of a family and a resident of the State of Tennessee, and section 7713 of the Code of 1932 provides that "To the above allowances, there shall be added as so exempt to heads of families the sum of five dollars per month for each dependent child under sixteen years of age of the

head of a family, resident of this State." The debtor here is a resident of the State and has five dependent children all under the age of ten years.

The lower courts regarded the case of *Hair* v. *Ramsey,* 165 Tenn., 149, 53 S. W. (2d), 381, as decisive and accordingly ruled that the exemption statute of the Code of 1932 did not apply to an indebtedness created prior to the enactment of that Code. We think this was correct. In *Hair* v. *Ramsey* there was a levy upon a horse belonging to the debtor for an obligation incurred prior to January 1, 1932, when the new Code became effective. The debtor claimed that the horse was exempt as part of "the lump personalty exemption of $750" fixed by section 7701 of the new Code. This court held to the contrary and, following *Hannum* v. *McInturf,* 65 Tenn. (6 Baxt.), 225, said that to deprive the creditor of the right to enforce collection of his debt by prohibiting him from reaching all the property of his debtor previously subject to the payment of his debts by a law passed after the creation of the particular debt would be within the inhibition of the Constitution. The court added, "We therefore conclude the sound rule to be, that such property as was subject to execution at the time the debt was contracted must remain subject to execution, or sale by other process, until the debt is paid."

*Hannum* v. *McInturf, supra,* was a case in which it was held that the exemption provided in the Constitution of 1870 (article 11, section 11) was not applicable to debts created before the adoption of that instrument.

An effort is made on behalf of the debtor to differentiate wages or salary of the debtor from other property owned by the debtor. Our garnishment statute takes no such distinction. The language is general "where

property, choses in action, or effects of the debtor are in the hands of third persons, or third persons are indebted to such debtor, the attachment may be by garnishment." Code, section 9428.

All garnishment proceedings are based on statutory authority. Our statute, above quoted, subjects to garnishments third persons indebted to the debtor. The nature of the indebtedness does not seem to be material.

The same reasons which justify the protection from his creditor of wages due to the debtor justify the protection of the debtor's homestead. Neither wages nor homestead, however, can be protected beyond statutory sanction and, under our previous decisions, an exemption cannot be enlarged by statute with respect to an indebtedness created before the statute.

We are referred by counsel to 28 Corpus Juris, pp. 24-27, where it is said that the Legislature may take away the remedy by garnishment without necessarily affecting the constitutional rights of creditors entitled at that time to the remedy under existing statutes. We have examined the cases upon which this statement rests. They are not in point here. We are not considering a statute abolishing or restricting proceedings by garnishment. The creditor's remedy by garnishment was not affected by the Code of 1932. We have before us an exemption statute and under decisions of this court, as heretofore seen, property subject to the payment of an indebtedness at the time of the creation of that indebtedness can not be thereafter by statute withdrawn from such liability.

Affirmed.