MAJORS *v.* CARTER, CONSTABLE, *et al.*

(*Nashville,* December Term, 1939.)

Opinion filed February 3, 1940.

E. R. WOOLARD, of Lebanon, for plaintiff.

W. B. WILLIAMS, of Lebanon, for defendants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a replevin suit instituted before a magistrate by plaintiff Majors. There was a judgment in favor of the plaintiff below.

A judgment was rendered against Majors in favor of Hunter before a magistrate on June 27, 1936, the judgment being for an indebtedness created before that time but after the adoption of the Code of 1932. Execution was issued upon this judgment on March 14, 1939, and levied upon certain live stock belonging to Majors.

This case was tried upon a stipulation of facts in the circuit court and it was agreed that at the time of the levy of this execution Majors was the owner of more than $450 worth of personal property but that he was not the owner of more than $750 worth of personal property.

By chapter 138 of the Pub. Acts of 1939, effective March 10, 1939, sections 7702-7706 of the Code of 1932 were repealed. Under the Code, section 7701, the judgment debtor was allowed an exemption of personal property up to $750. By the Act of 1939 this exemption was reduced to $450. The question presented is whether the judgment debtor here is entitled to the exemption allowed by the Code or is restricted to the exemption provided by the Act of 1939. The circuit judge was of opinion, inasmuch as the indebtedness was created and the judgment rendered while the Code sections were in force, that the exemption provided by the Code should be al-

lowed. This conclusion he reached on authority of *Hair v. Ramsey*, 165 Tenn., 149, 53 S. W. (2d), 381, in which it was held that the exemption provisions of the Code of 1932 could not be invoked against a creditor where the indebtedness was created before the enactment of the Code. In this ruling the court followed *Hannum* v. *McInturf*, 65 Tenn. (6 Baxt.), 225, wherein it was held that the homestead exemption created by section 11 of Article 11 of the Constitution of 1870 and by chapter 80 of the Acts of the Second Session of 1870 did not affect the right of a creditor (the indebtedness had been previously created) to reach all the debtor's property. It was said, on authority of decisions of the Supreme Court of the United States, that a different construction of the Constitution and statutes would bring them in conflict with the provisions of the Federal and State Constitutions forbidding laws impairing the obligation of a contract.

A different situation is presented in the case before us. A debtor has no constitutional right to withhold his personal property from satisfaction of a just claim of his creditor. Such a right has been conferred on him by statute and that right can be regulated or abolished by statute.

The question before us has, in principle, been decided in *Cavender* v. *Hewitt*, 145 Tenn., 471, 239 S. W., 767, 22 A. L. R., 755. Prior to chapter 29 of the Pub. Acts of 1921, the salary of a municipal officer was exempt from garnishment. That exemption was removed by the statute mentioned. The validity of the statute was upheld in *Cavender* v. *Hewitt* and the salary of a police officer of the City of Nashville was held subject to garnishment in satisfaction of judgment against him rendered before the passage of the Act of 1921.

■ Upon some review of the authorities this court adopted the following from 12 Corpus Juris, 967:

"The exemption privileges of a debtor are not vested rights, and hence it is within the power of the legislature to make property subject to execution for debts contracted or judgments entered under a previous law by which it was exempt."

The foregoing seems to be in accord with all the decisions in which questions like the one before us have been made with respect to the effect of legislative changes in exemption and homestead laws. Some of the leading cases are *Laird* v. *Carton*, 196 N. Y., 169, 89 N. E., 822, 25 L. R. A. (N. S.), 189; *Leake* v. *Gay*, 107 N. C., 468, 12 S. E., 312; *Bull* v. *Conroe*, 13 Wis., 233; *Harris* v. *Glenn et al.*, 56 Ga., 94, 95.

In *Harris* v. *Glenn et al.*, *supra*, the court expressed itself in these words:

"Debtors have no vested right not to pay their debts. What they have and what they acquire the state may subject to legal process for the satisfaction of creditors. . . . Exemption of property from levy and sale for the payment of debts, is but a privilege for the time being —mere grace and favor, dependent on the will of the state. An exemption which exists by statute may be reduced or withdrawn by statute."

For the reasons indicated and upon the authorities cited, the judgment below is reversed.