SHERWIN-WILLIAMS CO. v. MORRIS.—156 S. W. (2d) 350.

Middle Section.   May 24, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

Louis Farrell, Jr., of Nashville, for plaintiff in error Sherwin-Williams Co.

James C. Havron, of Nashville, for defendant in error Morris.

CROWNOVER, P. J. The only question involved in this suit is whether a stipulation in a note executed in Georgia waiving the right of exemption is void.

Morris executed in Georgia a note to the Sherwin-Williams Company for $649.54, providing for interest and attorney's fees, dated November 20, 1937, due and payable on November 20, 1938, at Atlanta,

274

Georgia. The note contained a stipulation waiving all exemptions. Morris became a resident of Tennessee in 1939. Suit was brought on the note in Davidson County, Tennessee, on July 5, 1940.

The suit originated in the Court of General Sessions where judgment was rendered for the plaintiff for $869.46. An execution was issued and the Third National Bank was garnisheed on August 16, 1940, which bank answered that it had in its possession on deposit $237.98 then belonging to said defendant, Morris, and it paid that amount into court.

The defendant Morris filed a plea that he was the head of a family and entitled to this sum as his exemption, Code, sec. 7701, which claim of exemption, was denied by the court.

Thereupon the defendant Morris appealed to the Circuit Court from the denial of his claim of exemption, where the case was tried by the judge without a jury, and judgment was rendered by that court dismissing the garnishment proceeding.

The plaintiff's motion for a new trial was overruled and it appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in holding that the Exemptions Act of 1932, Code, section 7701, was applicable to this case.

(2) The court erred in holding that the Exemptions Act of 1939, Chap. 138 of the Public Acts of 1939, was applicable to this case.

(3) The court erred in holding that the waiver of exemptions in the note executed in Georgia was not enforceable in Tennessee.

(4) The court erred in holding that defendant could claim exemption in money on deposit in the bank.

██ 1 & 2. The note was executed on November 20, 1937, but garnishment was issued on August 6, 1940. Chapter 138 of the Public Acts of 1939 governs the exemptions in this case and determines what property of the debtor is exempt from execution. An exemption which exists by statute may be reduced or withdrawn by a later statute. Majors v. Carter, 175 Tenn., 450, 135 S. W. (2d), 924. Hence these assignments must be overruled.

█ 3. The law of the forum determines matters pertaining to the execution of the judgment, what property is exempt from execution, etc. Restatement of Conflict of Laws, sec. 600.

█ As a general rule exemption laws are regarded as pertaining to the remedy only and as having no extraterritorial effect, and hence will not be enforced by the courts of other states. 25 C. J., 12, sec. 9.

██ Questions of exemptions are to be determined solely by the laws of the forum.

"Exemption laws are considered as statutes affecting the remedy only, and have no extraterritorial force. Questions of exemption, therefore, are to be determined solely by the laws of the forum." 13 C. J., 260, sec. 34.

"The character and extent of the remedy is governed by the laws of the forum or court, except where the remedy has been created inferentially with the right by statute, and has become a part of it. Subject to this exception, the law of the forum controls, as the form of the remedy, statutes of limitations, rules of pleading, set-off, the admissibility of evidence, the measure of damages for infringement of common-law rights, damages for breach of covenants of seizin, questions of costs, exemptions of personalty from execution, and homestead exemptions." 12 C. J., 447, sec. 27. See also 15 C. J. S., Conflict of Laws, sec. 9.

It is insisted that to ignore the waiver of exemptions would amount to impairment of the obligations of a contract. We do not think there is anything in this contention, as there are certain well known exceptions, one of which is the exercise of police power. All contracts are subject to be interfered with, or otherwise affected by, subsequent statutes and ordinances enacted in the bona fide exercise of police power. 12 C. J., 991, 992, sec. 603, 16 C. J. S., Constitutional Law, sec. 281; Knoxville Corp. v. Bird, 12 Lea, 121, 49 Am. Rep., 326.

The same rules apply to public policy of the forum as laid down by the decisions of its courts. 5 R. C. L., 944, sec. 30; 11 Am. Jur., 411, sec. 125; First National Bank v. Shaw, 109 Tenn., 237, 70 S. W., 807, 59 L. R. A., 498, 97 Am. St. Rep., 840.

"No action can be maintained upon a cause of action created in another state the enforcement of which is contrary to the strong public policy of the forum." Restatement of Conflict of Laws, sec. 612.

In Tennessee a stipulation in a note waiving the right of exemption is void as against public policy. Mills v. Bennett, 94 Tenn. (10 Pickle), 651, 30 S. W., 748, 45 Am. St. Rep., 763.

We think our Supreme Court has already passed upon this constitutional question in the case of Mills v. Bennett, supra.

4. There is nothing in the contention that the defendant could not claim exemption of money in the bank. The courts have held that the proceeds of pension money, in the bank, damages recovered in a judgment for the destruction of exempt property, or for its wrongful conversion, and the proceeds of insurance on exempt property destroyed by fire, are exempt. Price v. Society for Savings, 64 Conn., 362, 30 A., 139, 42 Am. St. Rep., 198; Crawford v. Carroll, 93 Tenn., 661, 27 S. W., 1010, 27 L. R. A., 415, 42 Am. St. Rep., 943; Wright v. Brooks, 101 Tenn., 601, 49 S. W., 828.

All the assignments of errors being overruled, it results that the judgment of the lower court dismissing the garnishment is affirmed. The costs of the cause including the costs of the appeal are adjudged against Sherwin-Williams Company and the surety on its appeal bond. The cause is remanded to the Circuit Court for the payment of the money back to the defendant Morris.

Felts and Howell, JJ., concur.