J. B. MARTIN, D. E. STREETER, E. E. REEVES, J. P. McDONALD and C. H. DORROH, Appellees, v. DEALERS TRANSPORT COMPANY and General Drivers, Warehousemen & Helpers Local Union No. 89, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Appellant.— 342 S. W. (2d) 245.

Western Section. July 26, 1960.

Certiorari Denied by Supreme Court January 13, 1961.

2

Ralph H. Logan and Hardy & Logan, Louisville, Ky., for Local Union No. 89.

Robert A. Tillman, Memphis, for appellee.

Newell N. Fowler, Memphis, for Dealers Transport Company.

BEJACH, J. The original bill in this cause was filed September 23, 1958 by J. B. Martin, R. E. Streeter, E. E. Reeves, J. P. McDonald and C. H. Dorroh against Dealers Transport Company, a corporation, 1368 Riverside Blvd. and Local Union 89, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 813 S. First Street, Louisville 3, Kentucky; but by consent order, entered October 14, 1958, the original bill was amended so as to correctly state the name of defendant as hereinabove given in the caption of this opinion. The bill was filed by complainants as representatives of a class of employees numbering more than 100, all having a common interest in the subject matter of the action, and being too numerous to join therein. The bill was filed for and on behalf of third-party beneficiaries under a contract executed between the Dealers Transport Company and Local Union No. 984, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, which was the collective bargaining agent for employees of the Dealers Transport Company, which contract is industry-wide, having been negotiated by a committee representing employees of all companies affiliated with a national association of automobile transporters. The bill sought an injunction to

prohibit the Dealers Transport Company from honoring, and Local Union No. 89 from enforcing a rider to said nationwide contract, which had been negotiated between Local Union No. 89 at Louisville, Kentucky and the Dealers Transport Company, granting to members of Local Union 89, only, the exclusive rights to all work originating out of the Louisville branch of Dealers Transport Company. Said Union will be referred to as Local Union 89 or as defendant Union. The effect of said rider is to enforce a union shop with reference to all work originating at Louisville, Kentucky. It is conceded that the agreement contained in said rider could be legal and might be enforced in Kentucky, since the Taft-Hartley Law recognizes union shops in States which permit same, but it is contended the agreement contained in said rider is illegal and unenforceable in Tennessee, because it violates the public policy of this State as reflected in our Open Shop or Right to Work statute, as set out in Chapter 36, Public Acts of 1947, Sections 50-208 to 50-213, T.C.A. Complainants' bill also alleges that the rider in question is illegal as an amendment to the nation-wide contract, because it was not negotiated, advertised, and approved as therein required.

Complainants undertook to obtain service on defendant Union by means of process served on the Secretary of State of Tennessee, under the provisions of Section 20-223, T.C.A. Local Union No. 89 entered a special appearance and filed a plea in abatement contesting the jurisdiction of the court, which contest it undertakes to carry on in its appeal to this Court; but, on May 21, 1959, after the Chancellor had granted a temporary injunction as prayed for in the bill, an order was entered permitting it to withdraw its plea in abatement and file an answer.

On May 29, 1959, Local Union No. 89 entered its general appearance in this cause by filing an answer, in which, among other defenses, it is contended that the granting of an injunction as prayed for in complainants' bill, violates the obligation of contracts clause of the United States Constitution, art. 1, sec. 10, cl. 1, and that the courts of this State are without jurisdiction because, by the provisions of the Taft-Hartley Law, exclusive jurisdiction is vested in the National Labor Relations Board. The defendant, Dealers Transport Company, had on October 3, 1958, filed its answer in the cause; but it did not appeal from the decree of the Chancellor and is not concerned with the litigation in this Court.

The cause was, by stipulation, tried on oral evidence before the Chancellor, who found as a fact that the rider attacked by complainants' bill in this cause violates the public policy of the State of Tennessee as expressed in its Open Shop or Right to Work Act, Sections 50-208 to 50-213 T.C.A. He made permanent the injunction previously granted. Defendant Union excepted to the final decree and perfected its appeal to this Court where it has filed seven assignments of error, which are as follows:

"The Court below erred:

"1. In assuming jurisdiction of the subject matter of the bill under T.C.A. 20-223.

"2. In its ruling that the Defendant, Local #89 was doing business in the State of Tennessee.

"3. In ruling that the jurisdiction of its Court was not preempted by Federal Law adjudicating that the grievance procedure as set out in the contract between the parties was not a final adjudication of a matter before it.

"4. In holding that the terms of the contract as altered by a rider was in violation of the laws and public policy of the State of Tennessee.

"5. In failing to give full faith and credit to a contract which is legal under the Federal Law and under the law of the State of Kentucky where the contract was made, overruling the plea in abatement and issuing a temporary injunction.

"6. By its judgment interfering with the free flow of commerce between the various states.

"7. In issuing a permanent injunction in this cause."

It is contended by able counsel for appellees that the assignments of error quoted above are so indefinite and general in character as, to fail to comply with the rules of this Court and appellate court decisions, and, consequently that same should be ignored and treated as a nullity. For this contention appellees' counsel cites Gibson's Suits in Chancery, 5th Ed. Sec. 1389, and Yarbrough v. L. & N. R. R., 11 Tenn. App. 456. We prefer, however, to consider these assignments on their merits, although several of them present purely moot questions, which, on the record before us, it is wholly unnecessary for us to decide. The contention that defendant Union's plea in abatement should have been sustained and that said Union is not doing business in Tennessee within the meaning of Section 20-223 T.C.A., certainly became immaterial when said Union withdrew its plea in abatement and entered a general appearance in this cause by filing its answer. The questions of whether jurisdiction was exclusively in the N. L. R. B. or whether the Chancellor erred in ruling that the terms of the rider here involved

violates the law and public policy of the State of Tennessee, are, however, in our opinion, adequately presented by these assignments of error, and we will dispose of same in this opinion.

■ We are unable to agree to appellant's contention that exclusive jurisdiction of the matters involved in this law suit has been preempted in favor of the National Labor Relations Board by the Taft-Hartley Law. Under Section 158 of that Act, 28 U. S. C. A. sec. 158, a union shop agreement is specifically authorized in States where same are legal; but, in Section 164 of said Act, 29 U. S. C. A. sec. 164, States are specifically authorized to prohibit union shops in labor-management contracts. It is conceded, in the case at bar, that the contract embodied in the rider here involved is legal in Kentucky, and could be enforced there; but it is contended that same violates the public policy of the State of Tennessee as embodied in the Open Shop or Right to Work Law, so that same is unenforceable in Tennessee. In the case of Colgate-Palmolive Peet Co. v. N. L. R. B., 338 U. S. 355, 70 S. Ct. 166, 167, 94 L. Ed. 161, the Supreme Court of the United States held that the N. L. R. B. has no authority to convert into an unfair labor practice what was expressly authorized by Congress. In that case, the Court said:

"The question we have here is whether a closed shop contract, entered into and performed in good faith, and valid in the State where made, protects an employer from a charge of unfair labor practice under the National Labor Relations Act. * * *

" 'The Board found the closed-shop agreement to have been validly entered into in conformity with the proviso to Section 8(3) of the Act. The Board con-

.cluded, however, that, by virtue of the indefinite term of the contract, which had run for more than four years, the employees undertook to oust the C.I.O. as their bargaining representative at a period during which it was appropriate to seek a redetermination of representatives.' * * *

"Congress knew that a closed shop would interfere with the freedom of employees to organize in another union, and would, if used, lead inevitably to discrimination in tenure of employment. * * *

"It is not necessary for us to justify the policy of Congress. It is enough that we find it in the statute. That policy cannot be defeated by the Board's policy, which would make an unfair labor practice out of that which is authorized by the Act. * * *"

If the National Labor Relations Board did not have jurisdiction to declare something unfair labor practice under terms of a closed shop contract, it seems obvious to us that it would be similarly without authority under a union shop contract such as is involved in the instant case.

As to the public policy of Tennessee embodied in Chapter 36, Public Acts of 1947, Sections 50-208 to 50-213, T.C.A., the validity of that law was expressly upheld by the Supreme Court of Tennessee in Mascari v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America (A.F.L.) Local Union 667, 187 Tenn. 345, 215 S. W. (2d) 779, in which case, the decision of the writer of this opinion, at that time Chancellor in Shelby County, was affirmed. In the instant case, if the rider attacked were upheld, it would exclude from employment in Tennessee complainants and other

nonunion employees of Dealers Transport Company, in behalf of whom the instant case was filed, on shipments out of Louisville, Kentucky passing through Memphis, Tennessee, which have to be forwarded beyond that point. Such is a clear violation of the Open Shop or Right to Work Statute of Tennessee. The Mascari case has been reaffirmed in Tennessee in the cases of Pruitt v. Lambert, 201 Tenn. 291, 298 S. W. (2d) 795, and in Finchum Steel Erection Corp. v. Local Union 384, 202 Tenn. 580, 308 S. W. (2d) 381. And, on this subject, the Supreme Court of the United States in the case of Lincoln Federal Labor Union No. 19129, American Federation of Labor v. Northwestern Iron & Metal Co., 335 U. S. 525, 69 S. Ct. 251, 255, 93 L. Ed. 212, said:

> "If the states have constitutional power to ban such discrimination by law, they also have power to ban such contracts which, if performed, would bring about the prohibited discrimination."

But, on the other hand, it is contended by counsel for appellant that the case of Railway Employees' Dept. v. Hanson et al., 351 U. S. 225, 76 S. Ct. 714, 100 L. Ed. 1112, is authority to the contrary and supports its contention that jurisdiction in the matter has been preempted by Federal legislation. This contention of appellants is, in our opinion, untenable, because the decision in that case involved not the Taft-Hartley Law, which expressly approves open shop laws in States which have enacted same, but the Railway Labor Act which in Section 2, subdivisions 4, 5 as amended, 45 U. S. C. A. sec. 152, subdivisions 4, 5; section 2, subdivision 11, as added in 1951, 45 U. S. C. A. sec. 152, subdivision 11 expressly excludes State action in this field, and authorizes employees and employee organizations to enter into Union

Shop agreements. In the case of Railway Employees' Dept. v. Hanson et al., 351 U. S. 225, 76 S. Ct. 714, 718, 100 L. Ed. 1112, the Supreme Court of the United States said on this subject:

"As already noted, the 1951 amendment (Railway Labor Act), permitting the negotiation of union shop agreements, expressly allows those agreements, notwithstanding any law 'of any State'. Sec. 2, Eleventh. A union railway agreement made pursuant to the Railway Labor Act has, therefore, the imprimatur of the federal law upon it, and by force of the supremacy clause of Article VI of the Constitution, could not be made illegal nor vitiated by any * * * laws of a State."

The situation, therefore, on the question of preemption of jurisdiction, under the Railway Labor Act, is exactly the opposite of the situation under the N. L. R. Act, known as the Taft-Hartley Law.

In answer to the contention made by appellant that, since the contract embodied in the rider attacked in the instant case would be valid and enforceable in Kentucky where it was made, same should be given full faith and credit and enforced in Tennessee, it is our opinion that the instant case falls within that class or type of cases where the *lex fori* prevails over the *lex loci contractus*. From 17 C. J. S. Contracts, sec. 16, pages 348-349, we quote as follows:

"An exception to the general rule that a contract valid under its governing law is valid everywhere is the rule that where the agreement * * * violates the fixed public policy of the state in which the action is brought, it will not be enforced, by 'public policy of

the state' being meant the law of the state, whether found in the Constitution, statutes or judicial records.''

See also First National Bank of Geneva, Ohio v. Shaw, 109 Tenn. 237, 70 S. W. 807, 59 L. R. A. 498, and Sherwin-Williams Co. v. Morris, 25 Tenn. App. 272, 156 S. W. (2d) 350.

In First Nat'l Bank of Geneva, Ohio v. Shaw, 1902, 109 Tenn. 237, 70 S. W. 807, the Supreme Court held that a note signed by a married woman in Ohio where married women could legally contract, was unenforceable in Tennessee where, at that time, a contract made by a married woman was voidable; and in Sherwin-Williams Co. v. Morris, 25 Tenn. App. 272, 156 S. W. (2d) 350, the Court of Appeals, Middle Section, held that a provision in a note waiving exemptions of the maker, executed in Georgia where such provision was valid, was unenforceable in Tennessee where the maker of the note was sued and where he claimed the exemption allowed under Tennessee law.

In our opinion, there is no merit in appellant's contention that the injunction granted in the instant case interferes with the free flow of commerce between the various States. On this subject, one of the complainants, J. D. Martin, testified that if shipments from Louisville were transferred in Memphis, interstate commerce would be expedited rather than retarded, because Interstate Commerce Commission rules require ''rest breaks for drivers'' and in many instances shipments would reach their destination while the Louisville driver sleeps. The manager of defendant, Dealers Transport Company, testified that he desired to establish Memphis as a ''drop

point'' to expedite shipments from Louisville, Kentucky to destinations south of Memphis, Tennessee.

For the reasons hereinabove stated, all of appellant's assignments of error will be overruled and the decree of the Chancery Court of Shelby County will be affirmed, after which the cause will be remanded for supervision and enforcement of same.

The costs of the appeal will be adjudged against the appellant and its surety on the appeal bond.

Avery, P. J. (W.S.), and Carney, J., concur.