# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 14, 2014 Session

## DIANA ROBERTS, ET. AL. V. SUE DRILL, M.D., ET. AL.

**Appeal from the Law Court for Sullivan County (Bristol)**
**No. C14457M     Hon. John S. McLellan, III, Judge**

_____

### No. E2013-02202-COA-R3-CV-FILED-JUNE 26, 2014

_____

This is a health care liability[1] action arising from the death of Decedent. Defendants moved to dismiss the action for failure to comply with the notice requirements set out in Tennessee Code Annotated section 29-26-121(a)(2)(E). The trial court agreed and dismissed the action without prejudice. Plaintiff appeals the dismissal to this court. We affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Law Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Robert P. Starnes, Kingsport, Tennessee, for the appellants, Diana Roberts, individually and as administratix of the Estate of Stanley Roberts.

Charles T. Herndon, IV and Elizabeth Hutton, Johnson City, Tennessee, for the appellees, Sue Sprill, M.D. and Blue Ridge Medical Specialists, P.C.

_____

[1]Tennessee Code Annotated section 29-26-101 now defines most all cases occurring in a medical context as "health care liability actions." The statute specifies that such an action "means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability, on which the action is based." *See* Acts 2011, ch. 510, § 8. Effective April 23, 2012, the term "health care liability" replaced "medical malpractice" in the Code. *See* Acts 2012, ch. 798.

**OPINION**

## I. BACKGROUND

On October 11, 2011, Stanley Roberts ("Decedent") passed away as a result of lung cancer that had metastasized to his spine and liver. Prior to his death, Decedent received treatment from Sue Prill, M.D., an oncologist employed by Blue Ridge Medical Specialists, P.C. ("Blue Ridge"). On December 11, 2012, Diana Roberts, individually and as administratix of Decedent's estate (collectively "Plaintiff"), filed suit against Dr. Prill and Blue Ridge (collectively "Defendants") in an attempt to recover for Decedent's pain and suffering and her emotional distress. Plaintiff acknowledged that Decedent suffered from an incurable condition but asserted that Dr. Prill committed medical malpractice by failing to provide pain relief to Decedent. She also personally sought recovery pursuant to the theory of negligent infliction of emotional distress ("NIED") based upon the emotional distress she experienced while witnessing Decedent's suffering.

Plaintiff filed the complaint pursuant to the Tennessee Medical Malpractice Act ("TMMA"), which sets forth specific notice requirements for health care liability actions. Complaints filed pursuant to the TMMA are subject to a one-year statute of limitations. Tenn. Code Ann. § 29-26-116(a). However, when notice is provided pursuant to section 29-26-121, "the applicable statute of limitations and repose shall be extended for a period of one hundred twenty days." Tenn. Code Ann. § 29-26-121(c). Pursuant to the TMMA, Plaintiff was required to file pre-suit notice 60 days prior to filing suit and was also required to attach a certificate of good faith and a copy of the pre-suit notice with relevant documentation to the actual complaint. Tenn. Code Ann. §§ 29-26-121(a), -122.

Plaintiff filed pre-suit notice 60 days prior to filing suit. She attached a certificate of good faith to her complaint but failed to attach a copy of the pre-suit notice to the complaint as required by section 29-26-121(b). Defendants sought the dismissal of the lawsuit, alleging that Plaintiff had failed to comply with section 29-26-121(a)(b) by failing to attach a copy of the notice to the complaint and section 29-26-121(a)(2)(E) by filing an incomplete HIPAA medical authorization form. Defendants further alleged that Plaintiff's NIED claim was without merit. The trial court held that Plaintiff was not entitled to the extension of the statute of limitations pursuant to section 29-26-121(c). The court found that the HIPAA form was deficient pursuant to section 29-26-121(a)(2)(E) and that she had failed to provide the proper documentation with her complaint pursuant to section 29-26-121(b). The court also held that the NIED claim was without merit. This timely appeal followed.

## II. ISSUES

We restate the issues raised on appeal by Plaintiff as follows:

A. Whether Plaintiff substantially complied with Tennessee Code Annotated section 29-26-121(a).

B. Whether Plaintiff substantially complied with Tennessee Code Annotated section 29-26-121(b).

C. Whether the trial court abused its discretion by failing to excuse compliance pursuant to Tennessee Code Annotated section 29-26-121(b).

D. Whether Plaintiff may progress with the NIED claim as a health care liability action, assuming she complied with Tennessee Code Annotated sections 29-26-121(a)-(b).

E. Whether Plaintiff may progress with the NIED claim pursuant to the two-year statute of limitations for such claims in Virginia.

## III. STANDARD OF REVIEW

In this action, Defendants properly filed a motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012) ("The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss."). In *Myers*, the Court further provided as follows:

> In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance.

*Id.* The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn,* 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

"The question of whether [a plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings." *Myers*, 382 S.W.3d at 307-08 (citing *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011)). This court reviews a "trial court's decision to excuse compliance under an abuse of discretion standard." *Id.* at 308. "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

This appeal also involves the interpretation of statutes. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting the Act beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C .K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

## IV. DISCUSSION

### A. & B.

Plaintiff concedes that without the extension of the statute of limitations pursuant to Tennessee Code Annotated section 29-26-121(c), her complaint was untimely. She asserts that the trial court erred in dismissing her complaint as untimely because she was entitled to the extension of the statute of limitations when she complied with section 29-26-121(a)(2)(E). She asserts that her HIPAA medical authorization form was sufficient but

acknowledges that she failed to attach a copy of the pre-suit notice to the complaint. Defendants respond that the trial court did not err in dismissing her complaint as untimely.

As to notice before the suit, the TMMA provides, in pertinent part,

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

   (A) The full name and date of birth of the patient whose treatment is at issue;

   (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

   (C) The name and address of the attorney sending the notice, if applicable;

   (D) A list of the name and address of all providers being sent a notice; and

   (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

(3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:

   (A) Personal delivery of the notice to the health care provider or an identified individual whose job function includes receptionist for deliveries to the provider or for arrival of the provider's patients at the provider's current practice location. Delivery must be established by an affidavit stating that the notice was

> personally delivered and the identity of the individual to whom the notice was delivered; or

> * * *

> (b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Tenn. Code Ann. § 29-26-121(a)-(b).

In *Myers*, a case involving a re-filed complaint, the Tennessee Supreme Court ruled that the statutory requirements that a plaintiff give 60 days pre-suit notice and attach a certificate of good faith to the complaint were mandatory and not subject to substantial compliance. 382 S.W.3d at 310. The Court held that the re-filed action commenced pursuant to the saving statute was a new action governed by the statutory provisions in sections 29-26-121 and 122. However, the Court also held that "the legislature did not expressly provide for the consequence of dismissal with prejudice as it did in [] section 29-26-122." *Id.* at 312. Indeed, the Court refrained from addressing the "appropriate sanction" for failure to comply with section 29-26-121 because plaintiff had also failed to comply with the certification requirements, which mandated dismissal. *Id.*

Since that time, the Court has finally addressed the appropriate sanction for failure to comply with section 29-26-121(a). *Stevens v. Hickman Cmty. Health Care, Inc.*, 418 S.W.3d 547, 559-60 (Tenn. Nov. 25, 2013). In *Stevens*, plaintiff filed the required 60-day pre-suit notice but failed to include a HIPAA compliant medical authorization form. *Id.* at 551. The form provided by plaintiff was deficient because it failed to permit "the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Tenn. Code Ann. § 29-26-121(a)(2)(E). Defendants sought dismissal based upon plaintiff's failure to fully comply with section 29-26-121(a)(2). The trial court denied the motion, and the Court granted the defendants' application for permission to appeal. The Court held that plaintiff was merely required to "substantially comply" with the content requirements set forth in section 29-26-121(a)(2). *Id.* at 554-55. Despite that finding, the Court ultimately held that plaintiff had not substantially complied with the content requirements. In so holding, the Court stated,

-6-

In determining whether a plaintiff has substantially complied with a statutory requirement, a reviewing court should consider the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance. Not every non-compliant HIPAA medical authorization will result in prejudice. But in this case, the medical authorization submitted by Plaintiff was woefully deficient. The errors and omissions were numerous and significant. Due to Plaintiff's material non-compliance, Defendants were not authorized to receive any of the Plaintiff's records. As a result of multiple errors, Plaintiff failed to substantially comply with the requirements of [section 29-26-121(a)(2)(E)].

*Id.* at 556. The Court denied any relief based upon extraordinary cause before discussing the consequences of plaintiff's failure to comply with section 29-26-121(a)(2). The Court acknowledged that section 29-26-121 provided no "explicit penalty or consequence" for failure to comply with its terms but ultimately held that dismissal of plaintiff's case *without* prejudice was the appropriate penalty. *Id.* at 559-60. In so holding, the Court acknowledged but declined to address the fact that its dismissal without prejudice operated as a dismissal with prejudice because any future claim would be time-barred. *Id.* at 560.

Turning to the case at hand, we must determine whether the HIPAA medical authorization form provided by Plaintiff substantially complied with the requirements of Tennessee Code Annotated section 29-26-121(a)(2)(E). "Federal regulations state that a HIPAA compliant authorization must include the following six elements:

'(i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.

(ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.

(iii) The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.

(iv) A description of each purpose of the requested use or disclosure. . . .

(v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure. . . .

(vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's

authority to act for the individual must also be provided.'"

*Stevens*, 418 S.W.3d at 555-56 (quoting 45 C.F.R. § 164.508(c)(1)).

The form provided by Plaintiff failed to specifically identify "the person(s) or class of persons authorized to make the requested use or disclosure" and "the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure." Specifically, the form only permitted the use or disclosure of the medical records by Plaintiff's counsel. Additionally, Plaintiff signed the form in her representative capacity but failed to provide a description of her authority to act for Decedent. Due to Plaintiff's errors, Defendants were not legally authorized to *use* the pertinent medical records to mount a defense, despite the fact that the records may have already been in their possession. With these considerations in mind, we conclude that Plaintiff failed to substantially comply with section 29-26-121(a)(2)(E) and also admittedly failed to comply with section 29-26-121(b).

C.

Having concluded that Plaintiffs failed to comply with sections 29-26-121(a)-(b), we must address the question of whether the trial court abused its discretion by failing to excuse compliance. Plaintiffs contend that dismissal was unnecessary when

> there [was] no proof in the record of any failed attempt to gain the records of [Decedent]; where parts of the release were left blank for Defendants['] insertion and where there was only one doctor Defendant who would have already had all the relevant records.

Plaintiff admits that she intentionally left sections of the form blank and anticipated that Defendants would fill in the form. She essentially argues that the onus should be placed on Defendants to test the sufficiency of the form or even to complete an inadequate form. Plaintiff's argument is akin to the argument rejected by the Court in *Stevens*, namely that defendants should have informed plaintiff of the errors in the form before filing a motion to dismiss. As the Court noted in *Stevens*, "Plaintiff - not Defendants -was responsible for complying with the requirements of" section 29-26-121(a)(2)(E). 418 S.W.3d at 559.

Plaintiff further claims that Defendants were not prejudiced by the incomplete form when Defendants already had the relevant records in their possession. Section 29-26-121(a)(2)(E) "serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." *Id.* at 555. "[I]t is a threshold requirement of the statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a plaintiff's relevant medical

-8-

records." *Stevens*, 418 S.W.3d at 555 (citing 45 C.F.R. § 164.508(a)(1)). In limited circumstances, HIPAA provides for the *use* or disclosure of medical records without specific authorization "by the covered entity to defend itself in a legal action." 45 C.F.R. § 164.508(a)(2)(i)(C). However, HIPAA generally provides that a covered entity may not "*use* or disclose protected health information without*" valid authorization. 45 C.F.R. § 164.508(a)(1) (emphasis added). Plaintiff's case did not fall within one of the limited circumstances anticipated by HIPAA that would allow for the use of the records without authorization. The form failed to provide Defendants with the proper authorization to use the medical records to mount a defense.

With these considerations in mind, we conclude that Plaintiff failed to substantially comply with section 29-26-121(a)(2)(E) and has failed to offer a valid reason to excuse her non-compliance. Having so concluded, we need not address whether the trial court should have excused compliance with section 29-26-121(b). For the foregoing reasons, we affirm the dismissal of Plaintiffs' claim without prejudice. In so holding, we acknowledge that any further claims by Plaintiff will be time-barred.

D.

Having concluded that Plaintiff may not proceed with her NIED claim as a health care liability action because it was untimely, this issue is pretermitted.

E.

Plaintiff alternatively asserts that if she cannot proceed with her NIED claim as a health care liability action because it was untimely in Tennessee, then she may proceed with her claim pursuant to the applicable statute of limitations for such actions in Virginia. This issue is without merit. *See Sherwin-Williams Co. v. Morris*, 156 S.W.2d 350, 353 (Tenn. Ct. App. 1941) (providing that the law of the forum governs matters pertaining to the statute of limitations).

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Diana Roberts, individually and as administratix of the Estate of Stanley Roberts.

_____
JOHN W. McCLARTY, JUDGE