In re Bruce Alan BRADLEY and
Heather Messina Bradley,
Debtors.

**Bankruptcy No. 97–00030–APG.**

United States Bankruptcy Court,
M.D. Alabama.

July 14, 1997.

Earl Gillian, Jr., Montgomery, AL, for Debtor.

Tom McGregor, Montgomery, AL, for Trustee.

## OPINION ON TRUSTEE'S OBJECTION TO EXEMPTION

A. POPE GORDON, Bankruptcy Judge.

■ The trustee filed an objection to the homestead exemption claimed by the debtors under *Ala.Code* § 6–10–2 (1975).

The trustee and the debtors submitted briefs on the objection following a hearing held March 18, 1997.

The facts are substantially undisputed.

The debtors purchased a home in 1995 located at 5701 Hyde Park Drive, Montgomery, Alabama.

After purchasing the home, the debtors discovered termite damage which may have been affirmatively concealed by the sellers, the real estate agent, and others.

The debtors filed an action for damages for the alleged fraudulent concealment.[1]

The debtors filed a petition under chapter 7 of the Bankruptcy Code on January 2, 1997.[2]

The debtors claimed the cause of action exempt from property of the estate under the homestead exemption statute in the amount of $8,100.[3]

The trustee contends that the cause of action is personal property and not subject to exemption under the homestead statute.

The trustee is correct that a cause of action constitutes personal property.[4]

---

1. The debtor sued the realtor, a pest control company, and others, presumably including the sellers.

2. The cause of action became property of the chapter 7 bankruptcy estate under 11 U.S.C. § 541(a), which includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

3. The debtors also claimed the cause of action exempt under the personal property exemption statute in the amount of $1,975.00. *See Ala.Code* § 6–10–6 (1975). The trustee did not object to exemption of the cause of action under the personal property exemption statute.

4. " 'Personal property', within the meaning of the exemption laws, includes everything that is subject to ownership other than realty or an interest in realty." *Green v. Harbin*, 615 F.Supp.

However, the debtors rely on *Ellis v. Pratt City*, 111 Ala. 629, 20 So. 649 (1896), to claim the cause of action exempt under the homestead exemption statute.

*Ellis* extended a municipal real property exemption to proceeds from an insurance policy covering fire damage to the city hall. The court held that the "proceeds of the policy, in case of loss, shall ... stand in the place of the property destroyed."[5]

The debtors contend that the cause of action in the instant case for fraudulent concealment of termite damage is analogous to the insurance claim in *Ellis* for damage caused by fire.[6]

However, *Ellis* is not applicable to the facts in the instant case because the debtors did not own the home when the termite damage occurred. The basis of the cause of action is the fraudulent concealment of termite damage which preexisted their ownership.[7]

The homestead exemption statute protects from creditors only a debtor's interest in the value of his home.[8] The loss in the instant case could not affect the debtors' interest in the value of the home because the debtors did not own the home when the loss occurred.

The ruling in this case does not undermine *Ellis*. *Ellis* merely holds that insurance proceeds may stand in the place of destroyed property for purposes of exemption. *Ellis* does not create exemption rights where they do not otherwise exist.

Although the debtors may exempt their equity interest in the home, they may not exempt the value of the undamaged home as it existed prior to their ownership.

A separate order will enter sustaining the trustee's objection to exemption of the cause of action under *Ala.Code* § 6–10–2 (1975).

---

719 (N.D.Ala.1985) (citing *Enzor v. Hurt*, 76 Ala. 595 (1884)). Black's Law Dictionary defines personal property generally as "all property other than real estate" including "things in action." *Black's Law Dictionary* 1096 (5th ed.1979). Generally, *Ala.Code* § 6–10–6 allows an individual to exempt the value of personal property to the extent of $3,000.00.

5. *Ellis*, 20 So. at 650. This rule has been followed generally. *See Miller v. First Nat'l Bank of Birmingham*, 194 Ala. 477, 69 So. 916 (1915); *Lewis v. Thompson (In re Lewis)*, 28 B.R. 351, 354 (Bankr.M.D.Pa.1983) ("[T]he debtors are entitled to the proceeds from their fire insurance policy in compensation for the loss of their exempt property.").

6. The debtors also contend that any claim under a termite bond would be exemptible under the homestead statute. However, the debtors have

not exempted any claim under a termite bond. Nor is there any evidence to show that a termite bond exists against which the debtors could file a claim.

7. The debtors have not asserted an insurance claim against any homeowners policy which would fall squarely under *Ellis*. Perhaps the debtors have no such claim precisely because the termite damage would have preexisted any such policy.

8. *See Ala.Code* § 6–10–2 (1975). "Interest" under the homestead statute is synonymous with equity. *First Ala. Bank v. Renfro*, 452 So.2d 464 (Ala.1984). The homestead statute protects a debtor's equity only to the extent of $5,000.00.