**In re Stephen E. SCHUBERT, Jr. and Cathy L. Schubert, Debtors.**

**Bankruptcy No. 97–05856–M.**

United States Bankruptcy Court,
N.D. Oklahoma.

April 10, 1998.

Paul R. Tom, Tulsa, OK, for Plaintiff.

Karen Carden Walsh, Tulsa, OK, for Defendant.

## MEMORANDUM OPINION GRANTING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION

TERRENCE L. MICHAEL, Bankruptcy Judge.

THIS MATTER comes before the Court pursuant to the Objection to Claim of Exemption (the "Objection") filed by Karen Carden Walsh, Trustee ("Ms. Walsh" or "Trustee"), and the Response of Stephen E. Schubert, Jr. and Cathy L. Schubert, Debtors herein ("Schuberts" or "Debtors"), to the Objection ("Response"). By agreement of the parties, this matter was submitted to the Court on stipulated facts and briefs on or about February 20, 1998. At that point, the matter was taken under advisement. This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014 and Federal Rule of Civil Procedure 52.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[1] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and it is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (O).

### Findings of Fact

The parties have stipulated to the following undisputed facts:

1. On May 4, 1994, one of the Debtors, Cathy L. Schubert, purchased certain residential real estate (the "Residence") from Mary Ann Sullivan and Patrick J. Sullivan (the "Sullivans").

2. The Residence is the homestead of the Debtors.

3. On May 3, 1996, Debtors filed an action (the "State Court Action") against the Sullivans and James K. Humphries ("Humphries") in the District Court in and for Tulsa County, State of Oklahoma, alleging that the Sullivans negligently and fraudulently misrepresented the condition of the heating and air conditioning system of the Residence, and that Humphries, in his capacity as an electrical, mechanical and plumbing inspector, negligently failed to discover certain latent defects in the heating and air conditioning system of the Residence. In the State Court Action, Debtors seek damages in the amount necessary to repair the Residence, plus damages for emotional distress, punitive damages, attorneys' fees and costs.

4. Debtors filed this bankruptcy case on December 18, 1997. In their schedules and statement of affairs, Debtors have claimed the Residence as exempt under 31 Okla.Stat. Ann. tit. 31, § 1(A)(1), which provides for an exemption in real estate, "provided that such home is the principal residence" of the party claiming the exemption. Okla.Stat.Ann. tit. 31, § (1)(A)(1) (West 1991).

5. Debtors have also claimed the State Court Action as exempt under 31 Okla.Stat. Ann. tit. 31, § 1(A)(1), claiming that the State Court Action should also be considered exempt as part of the Debtors' homestead.

6. The Trustee does not dispute that the Residence is properly exempt, but does take issue with Debtors claiming the State Court Action as exempt.

To the extent the "Conclusions of Law" set forth any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (West 1998).

## Issue Presented

Whether a cause of action which seeks to recover damages for undisclosed defects in a residence which is properly claimed exempt as Debtors' homestead is also exempt under 31 Okla.Stat.Ann.tit. 31, § 1(A)(1) (West 1991).

## Decision

The State Court Action is not exempt.

### Conclusions of Law

■ In this case, the Schuberts bought their home from the Sullivans and now allege in the State Court Action that the Sullivans and Humphries, the inspector, fraudulently and negligently failed to reveal or discover latent damage to the heating and air-conditioning systems. The Debtors claim the State Court Action as an extension of the Residence and, as such, equally exempt under Oklahoma law. The Trustee vigorously objects and argues that the State Court Action does not fall within the homestead exemption but instead is non-exempt personal property of the Debtors. The case appears to be one of first impression in this circuit.

The homestead exemption in Oklahoma is a creature of the state constitution and statutes.[2] The operative provision of the Oklahoma constitution reads as follows:

### § 1. Extent and value of homestead—Rights of Indians—Temporary Renting

A. The homestead of any person in this State, not within any city or town, shall consist of not more than one hundred sixty acres of land, which may be in one or more parcels, to be selected by the owner.

B. Effective November 1, 1997, the homestead of any person in this State, not within any city or town, annexed by a city or town on. or after November 1, 1997, owned and occupied and used for both residential and commercial agricultural purposes shall consist of not more than one hundred sixty acres of land, which may be in one or more parcels, to be selected by the owner.

C. The homestead of any person in this State within any city or town, owned and occupied as a residence only, or used for both residential and business purposes, shall consist of not exceeding one acre of land, to be selected by the owner.

For purposes of this subsection, at least seventy-five percent (75%) of the total square foot area of the improvements for which a homestead exemption is claimed must be used as the principal residence in order to qualify for the exemption. If more than twenty-five percent (25%) of the total square foot area of the improvements for which a homestead exemption is claimed is used for business purposes, the homestead amount shall not exceed Five Thousand Dollars ($5,000.00).

Okla.Const.art. 12, § 1. The exempt status of the homestead is established by statute:

### § 1. Property exempt from attachment, execution or other forced sale—Bankruptcy proceedings

■ A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in this state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

1. The home of such person, provided that such home is the principal residence of such person.

31 Okla.Stat.Ann. tit. 31, § 1(A)(1) (West 1991). As a general rule, the Oklahoma exemption laws are to be liberally construed in favor of the exemption. *See, e.g., Nelson v. Fightmaster,* 4 Okla. 38, 41, 44 P. 213, 214 (1896); *Phelan v. Lacey,* 51 Okla. 393, 394, 151 P. 1070, 1071 (1915); *In re Fisher,* 11 B.R. 666, 668 (Bankr.W.D.Okla.1981). However, the decisions which this Court was able to locate limited their definition of a homestead under this section to real property; i.e., the residence and the land upon which it was built. *See, e.g., Oklahoma State Bank v. Van Hassel,* 189 Okla. 48, 114 P.2d 912, 913

---

**2.** Oklahoma has "opted out" of the federal bankruptcy exemptions found in § 522 of the Bankruptcy Code, adopting the state law exemptions in their place. 11 U.S.C. § 522(b) (West 1998); 31 Okla.Stat.Ann. tit. 31, § 1(A)(1) (West 1991).

(Okla.1941) (homestead consists of the "home of the family"), *Van Meter v. Field*, 195 Okla. 555, 159 P.2d, 546, 549 (Okla.1945) ("Homestead rights may attach to any possessory interest in real estate which constitutes the dwelling place of the family regardless of the nature or character of the title or of the estate therein.").

This Court finds that the State Court Action does not fall within the homestead exemption provided for under Oklahoma law. The Oklahoma exemption scheme lists twenty-one (21) separate categories of property which may be claimed as exempt. *See* 31 Okla.Stat.Ann. tit. 31, § 1(A)(1)–(21) (West 1991). The homestead exemption protects a debtor's interest in selected real property. The State Court Action is personal property, not real property. It exists independently of the Residence. In the State Court Action, Debtors seek not only to recover actual damages, but punitive damages as well. Those punitive damages do not relate to the Residence or Debtors' claim of exemption. In addition, the pretrial order filed in the State Court Action would indicate that Debtors seek recovery of damages for emotional distress. *See Joint Stipulation of Exhibits and Facts*, Exhibit "B." While certain causes of action for personal injury are exempt (*see* 31 Okla.Stat.Ann. tit. 31, § 1(A)(21) (West 1991)), causes of action such as the State Court Action are not.

The Court has found little case law addressing this exact issue. However, the United States Bankruptcy Court for the Middle District of Alabama considered a case very similar to the case at bar. *In re Bradley*, 212 B.R. 998 (Bankr.M.D.Ala.1997) (hereafter *"Bradley"*). In *Bradley*, the debtors purchased certain real estate for use as their residence. After the sale was complete and the debtors had moved into their new home, they discovered extensive termite damage which was not disclosed to them during the sale process. Upon discovery of the termite damage, debtors filed a lawsuit alleging that the sellers and the real estate agent positively and purposefully concealed said damage. Debtors then filed a petition for relief under Chapter 7 of the Bankruptcy Code, and claimed both the real estate and the cause of action as exempt under the Alabama homestead exemption statutes. The trustee objected to the claim of exemption with respect to the cause of action. The *Bradley* court held that the cause of action for termite damage was not a part of debtors' exempt homestead under Alabama law, relying in large part on the fact that the alleged damage to the real property (and thus, the cause of action) occurred prior to its acquisition by the debtors. *In re Bradley*, 212 B.R. at 999.

Debtors argue that insurance proceeds from an insurance policy on homestead property stand in place of the property and are therefore exempt under the homestead exemption. Courts have generally so held. *See, e.g., Booker v. First National Bank*, 245 P. 881, 117 Okla. 179, 180 (Okla.1926) (holding proceeds from fire insurance policy exempt); *In re Lewis*, 28 B.R. 351, 354 (Bankr. M.D.Pa.1983); *Ellis v. Pratt City*, 111 Ala. 629, 20 So. 649 (Ala.1896). Debtors argue that, by analogy, the State Court Action should be exempt, since it relates to alleged damages to real estate currently used by Debtors as their homestead. The Court disagrees. The State Court Action for the nondisclosure of and failure to discover defects in the Residence is not analogous to the recovery of insurance proceeds for damage to one's homestead. The *Bradley* court dealt with the same issue:

> The debtors contend that the cause of action in the instant case for fraudulent concealment of termite damage is analogous to the insurance claim in *Ellis* for damage caused by fire. However, *Ellis* is not applicable to the facts in the instant case because the debtors did not own the home when the termite damage occurred. The basis of the cause of action is the fraudulent concealment of termite damage which preexisted their ownership.

> The homestead exemption statute protects from creditors only a debtor's interest in the value of his home. The loss in the instant case could not affect the debtors' interest in the value of the home because the debtors did not own the home when the loss occurred. The ruling in this case does not undermine *Ellis*. *Ellis* merely holds that insurance proceeds may stand in

the place of destroyed property for purposes of exemption. *Ellis* does not create exemption rights where they do not otherwise exist.

*In re Bradley,* 212 B.R. at 999 (footnotes omitted). The Court finds that the State Court Action is not exempt under the Oklahoma homestead exemption.