**Mike TARASKA, a single man, Plaintiff,**

**v.**

**Michael W. CARMEL, a married man, "Jane Doe" Carmel, his wife, Defendants.**

**No. CIV–97–2561–PHX–ROS.**

United States District Court, D. Arizona.

April 27, 1998.

Mike Taraska, Galam & Taraska, Los Angeles, CA, for Plaintiff.

Randolph J. Haines, Lewis & Roca, Phoenix, AZ, for Defendants.

## ORDER

SILVER, District Judge.

## BACKGROUND

On December 12, 1997, Plaintiff Mike Taraska, a resident of California, commenced this diversity action against Michael W. Carmel ("Carmel") and his wife "Jane Doe" Carmel, residents of Arizona, asserting one cause of action for defamation. Plaintiff's allegations are based on the following circumstances.

By letter dated October 29, 1997, Carmel, the Chapter 11 bankruptcy trustee of an adult entertainment business known as the Jungle Cabaret, wrote a letter to the Attorney Advisor of the United States Trustee for the District of Arizona in response to a trustee complaint filed against him. The letter stated in part:

> Subsequent to my appointment, the Liquor Department, we

> > believe, was "tipped off" by either Mr. Taraska or someone working for him. A girl who was under age by less than one month obtained employment, and, on one of the very first nights she was dancing, the Liquor Department was tipped off to visit The Jungle and cited us for hiring an underage dancer. Somehow, Mr. Taraska was aware of the violation even before me. We believe this was a setup.

(Compl.Ex.2.) Plaintiff alleges that the statement falsely accuses him of the criminal activity of conspiracy and facilitation of unlawful employment of an underage female exotic dancer in violation of Arizona state law. (Compl.¶ 10.) Plaintiff claims that he has incurred injury to his business reputation as an adult entertainment club owner, consultant, and attorney. Plaintiff seeks compensatory and punitive damages against Defendant Carmel.

On January 7, 1998, Defendant Carmel moved to dismiss the Complaint on the ground that a cause of action against a bankruptcy trustee for conduct undertaken in his capacity as a bankruptcy trustee cannot be brought in any court other than the bankruptcy court that appointed the trustee unless the bankruptcy court provides its permission. Plaintiff has responded in opposition to the dismissal motion.

On April 17, 1998, Plaintiff filed a notice of bankruptcy petition and automatic stay. Plaintiff indicated that an involuntary bankruptcy petition under Chapter 7 had been filed against him. Plaintiff claims that all further action in the instant action is stayed pending further order of the Bankruptcy Court.

## DISCUSSION

### I. Automatic Stay

■ Title 11 U.S.C. § 362 states in relevant part:

[A] petition . . . operates as a stay, applicable to all entities, of—(1) the commencement or continuation . . . of a judicial . . . action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title. . . .

11 U.S.C. § 362(a)(1) (emphasis added).

Contrary to Plaintiff's assertion, the instant action is not stayed by the involuntary bankruptcy petition recently filed against him. "The trustee or debtor in possession is not prevented by the automatic stay from prosecuting or appearing in an action which the debtor has initiated and that is pending at time of bankruptcy." *In re White*, 186 B.R. 700, 704 (9th Cir. BAP 1995). "[T]he policy behind § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute the assets." *Id.* "Therefore, the primary purpose of § 362 is not applicable to offensive actions by the debtor in possession or bankruptcy trustee." *Id.* "Where the debtor has initiated a prepetition lawsuit against a creditor, the same policy considerations do not exist." *Id.* "The threshold test is whether the proceeding . . . was brought against the debtor." *Id.* at 705. "An action is 'against the debtor' if it was initiated against the debtor." *Id.* (citation and quotation omitted).

■ Because the automatic stay only applies to actions filed against a debtor and not actions brought by a debtor, *see Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991) (stating that the automatic stay provision of the Bankruptcy Code does not address actions *brought by the debtor* which would inure to the benefit of the bankruptcy estate); *Mesiti v. Microdot, Inc.*, 156 B.R. 113, 119 n. 5 (D.N.H.1993) ("11

U.S.C. § 362, though broad in scope, applies only to actions brought against the bankrupt debtor, not to those brought by the debtor, for the benefit of the estate."), the instant action is not subject to the automatic stay.

### II. Motion to Dismiss

■ The Court agrees with Defendant that this action cannot be maintained without the Bankruptcy Court's permission. *See In re Kashani*, 190 B.R. 875, 884 (9th Cir. BAP 1995); *SEC v. United Financial Group, Inc.*, 576 F.2d 217, 220 n. 7 (9th Cir.1978). "It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993). "This requirement enables the Bankruptcy Court to maintain better control over the administration of the estate." *Id.; In re Linton*, 136 F.3d 544, 545 (7th Cir.1998) ("requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively"). Strong policy reasons exist for this judge-made common law doctrine:

[A] trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code. If he is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded.

This concern is most acute when suit is brought against the trustee while the bankruptcy proceeding is still going on. The threat of his being distracted or intimidated is then very great. . . .

*Id.*

■ Although Plaintiff relies upon a limited exception contained in 28 U.S.C. § 959(a)[1] for the proposition that leave from the Bank-

---

1. Title 28 U.S.C. § 959(a) states in relevant part: Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing

them, with respect to any of their acts or transactions *in carrying on business connected with such property.*

28 U.S.C. § 959(a) (emphasis added).

ruptcy Court was unnecessary, "[t]his exception does not apply to suits against the trustee for actions taken while administering the estate." *In re DeLorean Motor Co.,* 991 F.2d at 1241. Section 959:

> is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store. This section is not intended to apply to a breach of a fiduciary duty in the administration of a bankruptcy estate.

*In re Lehal Realty Assocs.,* 101 F.3d 272, 276 (2d Cir.1996). "[Section] 959 does not apply where ... a trustee acting in his official capacity conducts no business connected with the property other than to perform administrative tasks, necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate." *Id.* The alleged defamatory statement attributed to Defendant Carmel was in no way related to "carrying on" the business of the Jungle Cabaret. *See In re DeLorean Motor Co.,* 991 F.2d at 1241; *In re Kashani,* 190 B.R. at 884.

Further, to the extent that Plaintiff relies upon *In re Markos Gurnee Partnership,* 182 B.R. 211 (Bankr.N.D.Ill.1995), for the proposition that the instant action must be determined in a nonbankruptcy forum with no input from a bankruptcy court because Plaintiff has brought an ultra vires action seeking to impose personal liability upon Defendants, the Court disagrees. The Court finds that the Seventh Circuit's recent decision in *In re Linton* effectively overrules *In re Markos Gurnee Partnership* to the extent that the latter decision attempts to distinguish between official liability actions and ultra vires actions. Under the Seventh Circuit's reasoning, the added burden to trustees of having to defend against suits brought against them in a nonbankruptcy forum is sufficient justification for applying the rule that such suits must be approved by the appropriate bankruptcy court. The Seventh Circuit's concern about the distracting nature of such suits does not depend on whether the plaintiff is seeking to impose liability against the assets of the debtor's estate or the assets of the

trustee. In any event, Plaintiff ignores case authority in which the rule requiring the bankruptcy court's permission to sue a trustee was applied despite the plaintiff's attempt to impose *personal liability* against the trustee. *See In re Lehal Realty Assocs.,* 101 F.3d at 275–76.

Plaintiff was required to seek and obtain leave of the Bankruptcy Court for the District of Arizona prior to commencing the instant action.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 3) is granted.