**In re Robert L. FOOR, Jr., Mary Lorraine Foor, Debtors.**

**No. 00–71981.**

United States Bankruptcy Court, C.D. Illinois.

Oct. 12, 2000.

Michael J. Logan, Springfield, IL, for Debtors.

Mariann Pogge, Springfield, IL, Chapter 7 Trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether a state court cause of action for termite damage to the Debtors' residence may be claimed as exempt pursuant to the Illinois homestead exemption, 735 ILCS 5/12–901.

The material facts are not in dispute. The Debtors, Robert and Mary Foor, purchased a home in Taylorville, Illinois in 1996. Norwest Mortgage, Inc. has a mortgage on the property, and the mortgage provides in pertinent part as follows:

5. Hazard or Property Insurance.... Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened....

6. Occupancy, Preservation, Maintenance and Protection of the Property.... Borrower shall not ... allow the property to deteriorate.... Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien....

Following the purchase, the Debtors discovered extensive termite damage and infestation to the house. In October, 1998, the Debtors filed suit against the seller and termite inspector for breach of contract, negligent misrepresentation, and fraud.

On June 23, 2000, the Debtors filed a petition pursuant to Chapter 7 of the Bankruptcy Code.

On August 24, 2000, the Debtors filed a Motion to Lift the Automatic Stay and to Abandon Certain Cause of Action. The Trustee filed an objection to the Motion, and a hearing was held on October 3, 2000.

■ Initially, the Court notes that the automatic stay of 11 U.S.C. § 362 is not applicable to this proceeding. Section 362 halts actions against a debtor, not actions by a debtor. *Taraska v. Carmel*, 223 B.R. 200, 202 (D.Ariz.1998); *El Bey v. Quantum Property Management Corp.*, 201 B.R. 324 (D.D.C.1996). Indeed, the Trustee has hired an attorney to represent the estate's interest in the Debtors' termite damage suit.

■ The main thrust of the Debtors' Motion is an attempt by the Debtors to force the Trustee to abandon the cause of action for termite damage. According to the Debtors, the residence is worth $50,000 with the majority of the termite damage uncorrected. The Debtors assert that there are real estate mortgages on the residence in excess of $74,000. The Debtors also claim a $15,000 real estate exemption in the property. Therefore, the Debtors urge abandonment of the cause of action.

The Trustee opposes the abandonment of the cause of action. The Trustee argues that the cause of action is property of the estate, and any proceeds should be distributed to unsecured creditors. The Trustee asserts that the Debtors are limited to a wild-card exemption in the cause of action; the suit is not an interest in real estate which may be exempted under the homestead exemption. Moreover, the termite damage suit is not a claim under the Debtors' homeowners insurance policy. The mortgage lender would have a claim to the proceeds only if it had a perfected lien on general intangibles.

The Trustee's position is supported by the applicable case law. *In re Bradley*, 212 B.R. 998 (Bankr.M.D.Ala.1997) involved facts similar to this case. After purchasing a home, the debtors discovered termite damage to the home and filed an action for fraudulent concealment against the realtor, a pest control company, and others. The debtors then filed bankruptcy and claimed the cause of action as exempt under the homestead exemption statute. The trustee objected on the grounds that the cause of action was personal property not subject to exemption under the homestead statute. The court agreed with the trustee that the cause of action constituted personal property. The court rejected the debtors' argument that the cause of action for termite damage was analogous to an insurance claim for fire damage because the debtors did not own the home when the termite damage occurred; the termite damage pre-existed the debtors' ownership.

> The homestead exemption statute protects from creditors only a debtor's interest in the value of the home. The loss in the instant case could not affect the debtors' interest in the value of the home because the debtors did not own the house when the loss occurred.

212 B.R. at 999 (footnote omitted).

*In re Schubert*, 218 B.R. 603 (Bankr. N.D.Okla.1998) presented a similar factual situation and the court, citing *Bradley*, reached a similar conclusion. After purchasing a home, the debtor discovered latent defects in the heating and air-conditioning system of the residence. The debtor sued the seller and home inspector for negligent and fraudulent misrepresentation. The debtor filed bankruptcy and claimed the cause of action as exempt under the homestead exemption. The court sustained the trustee's exemption and held that the cause of action for undisclosed defects in a residence could not be claimed as exempt under the state homestead statute.

> The homestead exemption protects a debtor's interest in selected real property. The State Court Action is personal

property, not real property. It exists independently of the Residence.

218 B.R. at 606.

The Court is persuaded by the rationale of *Bradley* and *Schubert.* The Debtors' cause of action for termite damage to their residence is personal property which may not be claimed as exempt pursuant to the Illinois homestead exemption. The cause of action is not analogous to the recovery of insurance proceeds for damage to one's homestead. The Debtors did not own the home when the termite damage occurred. Unlike an insurance policy where the mortgagee would be named as a loss payee, the mortgagee does not have an interest in the cause of action. The cause of action is a valuable asset of the estate, and it should not be abandoned.

For the foregoing reasons, the Debtors' Motion to Lift Automatic Stay and to Abandon a Certain Cause of Action is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that the Debtors' Motion to Lift Automatic Stay and to Abandon a Certain Cause of Action be and is hereby denied.